## WILLIAM F. EDDY *v.* LEWIS DAVIDSON.

### *Medical Services. Contract. Statute of Frauds.*

The plaintiff, a physician, attended the defendant's daughter, twenty-two years old, being sent for by her while sick at defendant's house, and on the occasion of the first visit, after examining her and prescribing for her, the defendant said to him that he wished him to attend her and do all he could for her, but be as reasonable in his charges as he could for he supposed he should have to pay the bills, and on a subsequent visit repeated the same in substance, and on other occasions made other expressions while the account was accruing recognizing his liability and acknowledging that he employed the plaintiff. The plaintiff made all his charges to the defendant, and it was understood by both plaintiff and defendant, while the account was accruing, that the defendant was to pay it. *Held*, that these facts were sufficient to create a direct original indebtedness from the defendant to the plaintiff.

It being a direct original indebtedness, not collateral, it is not within the statute of frauds, though the services were solely for the benefit of a third person, and that known to the plaintiff.

The fact that the daughter expected to pay the plaintiff by the aid of her brothers and sisters, which was not communicated to the plaintiff, would not affect the defendant's liability.

The defendant's promise cannot be brought within the statute by showing that the facts create a liability on the part of the daughter to the plaintiff, as it would only show a direct joint indebtedness of the defendant and his daughter, to which the statute does not apply.

BOOK ACCOUNT. The auditor reported as follows:

" The plaintiff's account was for his services as physician in attending Lizzie Davidson, the defendant's daughter, who was about twenty-two years old when such services were rendered, and for a bottle of liniment, furnished for a minor daughter of the defendant, at defendant's wife's request, on an occasion of one of the plaintiff's visits to said Lizzie.

" Said Lizzie had had her own earnings and paid her own bills since she became of age, and most of the time had been absent from her father's, engaged in teaching and attending school, but passed her vacations at her father's, in Jamaica, and called that her home. In the spring of 1865 she went home sick with dropsy, and with no means of her own, except about twenty-five dollars, in money. During that spring and the next summer she employed several physicians, who visited her a few times each, and whom she paid with her money, with some assistance from her brothers and sisters. A short time before the plaintiff's first visit was made he met the defendant's wife, who spoke to him about Lizzie and expressed a wish that he might see her. The day before said first visit Lizzie sent her brother, a minor son of the defendant, for the plaintiff, who requested the plaintiff to go to his father's in Jamaica. Upon the plaintiff asking. him who was sick there the boy told him it was Lizzie, the one his mother had spoken to him about. The next day the plaintiff visited Lizzie and examined and prescribed for her. On this occasion, and after his examination of Lizzie, the plaintiff saw the defendant and talked with him about Lizzie, and the defendant said to him that he wished him to attend her and do all he could for her, but be as reasonable in his charges as he could, for he supposed he should. have the bills to foot. The plaintiff charged that visit to the defendant, and afterwards continued his visits, charging them, and also the bottle of liniment mentioned, to the defendant. On the 19th of October, 1865, on an occasion when the plaintiff performed a surgical operation for Lizzie, the defendant, in talking about the operation, said to the plaintiff he wanted him to attend her and do all he could for her; that she was a poor girl, and he wanted he should make his charges as reasonable as he could, for he should have to foot the bills, and it was a hard time for him. On other occasions, while the plaintiff was attending Lizzie, the defendant spoke to him of her sickness as being very expensive to him, and of its being hard for him at his time of life, and did not at any time intimate to the plaintiff that he did not intend to pay his bill; nor did he promise or assume to pay it in any other terms

than those above set forth. At one time Lizzie offered to pay him for that visit, but the plaintiff was unable to change a bill she handed him and she did not pay him, and on no other occasion spoke to him about his bill or payment of it. The plaintiff understood she was twenty years old or more. During her sickness her father paid the hired help and other expenses incident to her sickness, amounting in all to some four or five dollars per week, though one of his sons contributed something toward paying the same."

The auditor reported other expressions of the defendant, while the account was accruing, recognizing his liability, and acknowledging that he employed the plaintiff, and the report continues as follows:

"I find from the deposition of said Lizzie that she did not expect her father was to pay the plaintiff's bill, but that she was to pay it with the assistance of her brothers and sisters, as she paid the other doctors; but this was never communicated to the plaintiff.

"I do not find that the plaintiff ever made known to the defendant that he was charging his bill to him, until some time after all the visits had been made but the last, when he demanded payment, and the defendant denied his liability to pay it.

"The plaintiff's charge of $5, under date of May 14, 1867, was made after the defendant had informed him he would not pay him for attending Lizzie, and I have disallowed that item.

"If the question of the defendant's liability, as to the rest of the plaintiff's bill, be one of fact, I find that it was supposed and understood by both parties during the time when the plaintiff's services were being rendered, except the one of May 14, 1867, that the defendant was to pay him therefor, and I find due the plaintiff the sum of $112.50; and, adding interest thereon to September 8, 1868, makes due the plaintiff the sum of $126. If the question be one of law upon the evidence, I submit the same to the court."

The court at the September term, 1868, BARRETT, J., presiding, accepted the report of the auditor, and rendered judgment thereon for the plaintiff to recover the sum of $126, to which the defendant excepted.

*Hoyt H. Wheeler*, for the defendant.

The patient was of full age and the plaintiff knew it, hence the

law implies no promise by the defendant to pay the plaintiff for her treatment.   26 Vt., 12.

The transaction between the plaintiff and the defendant did not amount to an express promise.   *Smith* v. *Watson*, 14 Vt., 332.

The patient sent for the plaintiff, and he went upon her request and made an examination of her case without having any communication with the defendant.   Thus far she and she alone was liable, and if the defendant after that time made an express promise to pay the plaintiff for his treatment of the patient, this promise was a promise to pay the debt of the patient, and was void as well as to the services rendered after the promise as to those rendered before it.   *Aldrich* v. *Jewell*, 12 Vt., 125 : *Loomis* v. *Newhall*, 15 Pick., 159.

*C. B. Eddy*, *E. E. Kellogg*, and *C. N. Davenport*, for the plaintiff, cited *Watson* v. *Jacobs*, 29 Vt., 169 ; *Hodges* v. *Hall*, *ib.* 209 ; *Bushee* v. *Allen*, 31 Vt., 631 ; *Blodgett* v. *Lowell*, 33 Vt., 174.

The opinion of the court was delivered by

PECK, J.   The plaintiff's claim is for medical services rendered in doctoring the defendant's daughter Lizzie, about twenty years of age, while sick at the defendant's house, in his family.   The question is, whether, upon the facts reported by the auditor, the defendant is legally liable.   The fact that the defendant, on the occasion of the plaintiff's first visit, requested him to attend Lizzie and do all he could for her, and be as reasonable in his charges as he could, for he supposed he should have the bills to foot; and on a subsequent visit again said to the plaintiff he wanted him to attend her and do all he could for her, that she was a poor girl and he wanted he should make his charges as reasonable as he could, for he should have to foot the bills ;  and other expressions while the account was accruing, recognizing his liability, and acknowledging that he employed the plaintiff; and the fact that the plaintiff, while rendering the services, made all his charges, as they accrued, directly to the defendant, tends to show, not only a promise on the part of the defendant to pay the plaintiff for his services, but also that the plaintiff rendered the services on the faith of that

promise; in other words, that the plaintiff rendered the services on the credit of the defendant, and was authorized by the defendant to do so. This, with the finding of the auditor that as to the account for which he finds the defendant liable, it was supposed and understood by both parties, during the time when the plaintiff's services were being rendered, that the defendant was to pay him therefor, is sufficient to create a direct original indebtedness from the defendant to the plaintiff.

The statute of frauds relied on by the defendant's counsel is no protection to the defendant. The performance of services by the plaintiff at the defendant's request and on the faith of his promise to pay, creates a direct original indebtedness of the defendant to the plaintiff, not within the statute of frauds, notwithstanding the services were solely for the benefit of a third person, and that known to the plaintiff. To bring a case within the provision of the statute of frauds relating to a special promise to answer for the debt, default or misdoings of another, it is necessary that the promise of the defendant should be *collateral to the liability of another*. There is nothing in this case to warrant the conclusion that the defendant's promise was *collateral*. It is a direct original indebtedness, and therefore not within the statute of frauds. *Arbuckle* v. *Hawks*, 20 Vt., 538. Nor is the case varied by the finding of the auditor from the deposition of Lizzie, that she did not expect her father was to pay, but that she was to pay with the assistance of her brothers and sisters; a fact not communicated to the plaintiff, and, for aught that appears, unknown to the defendant. The defendant's promise can not be brought within the statute by showing that the facts create a liability on the part of Lizzie to the plaintiff; as it would only show a direct joint indebtedness of the defendant and Lizzie to the plaintiff, to which the statute does not apply. *R. & J. Wainwright* v. *Straw & Cunningham*, 15 Vt., 215.

The judgment of the county court is affirmed.