# WILLIAM N. FARNHAM v. CHARLES A. CHAPMAN.

## Statute of Frauds. Collateral Promise.

S. being indebted to the defendant, gave him permission to sell his horse and apply the purchase price on the debt. Defendant sold the horse to plaintiff as the property of S. and applied the proceeds in discharge of the debt. As a part of the sale he guaranteed the title. *Held*, that such promise of guaranty was not collateral.

Assumpsit upon the warranty of title to a horse. Plea, non-assumpsit ; trial by jury at the December Term, 1888, Ross, J., presiding. Verdict for the plaintiff, exceptions by the defendant.

It appeared that in 1883, John C. Stapleton had replevied this horse from one Hope, and that the suit of replevin was then pending. Stapleton was indebted to the defendant, Chapman, in the sum of about $125, and left the horse in the possession of one Brooks, with instructions to sell it and turn the proceeds over to the defendant, or to permit the defendant to sell it and retain sufficient of the proceeds to pay his debt. While the suit in replevin was still pending, the defendant with consent of Brooks sold the horse to the plaintiff, received the pay for it, and applied the full amount in extinguishment of his debt. After the sale Hope recovered judgment in the replevin suit of Stapleton against him and brought a suit in replevin against the plaintiff for the horse, in which he also obtained judgment before the commencement of this suit, the plaintiff making no defense.

It appeared that during the negotiations for the sale between the plaintiff and defendant, the fact that this horse was involved in litigation came out, and that the defendant then expressed the opinion that the replevin bond which Stapleton had given stood for the horse, so that if Hope recovered judgment he could only look to the bond. The plaintiff further offered to show that he thereupon refused to purchase the horse unless the defendant would personally agree to make the title good, that the defendant did so agree, and that he made the purchase relying thereon.

There was no written memorandum of this agreement and the defendant objected to its admission for that the promise sought to be shown was within the statute of frauds. The court held, however, that the promise was an original one and admitted the testimony.

*Knapp* and *Bliss*, for the defendant.

It does not appear that any consideration for the promise passed to the defendant. His note was good and it was immaterial to him whether it was paid by one person or another.

Even if there was a good consideration, the promise is collateral. The horse did not belong to the defendant, and he did not in any way make it his by the sale. It was a sale for Stapleton of his property, and the promise was purely incidental to the main transaction. When a promise is collateral the fact that the promisor got some benefit out of the transaction does not take it out of the statute. Throop's Rule 3 ; Throop's Verb. Agr. :209 *et seq. ; Birkmyr* v. *Darnell,* 1 Salk. 27, (Throop Verb. Agr. 212) ; *Matson* v. *Wharam,* 2 Term Rep. 80, (Throop V. A. 214, 215) ; *Arbuckle* v. *Hawks,* 20 Vt. 538 ; *Tileston* v. *Nettleton,* 6 Pick. 509 ; *Mead* v. *Watson,* 57 Vt. 426; *Skinner* v. *Conant,* 2 Vt. 453 ; *Billingsley* v. *Demplewolf,* 11 Ind. 414, (Throop V. A. 260) ; *Steele* v. *Towne,* 28 Vt. 771 ; Throop Verb. Agr. 610 ; Br. St. Fr. (4th Ed.) s. 214 ; *Lampson* v. *Hobart,* 28 Vt. 697 ; *Cross* v. *Richardson,* 30 Vt. 641 ; *Fullam* v. *Adams,* 37 Vt. 391 ; *Maule* v. *Bucknell,* 50 Pa. 39 ; Throop Verb. Agr., 614 *et seq. ;* 46 Mich. 299.

*Eldredge & Slade,* for the plaintiff.

This was not a mere collateral undertaking on the part of the defendant. The plaintiff refused to part with his money until the defendant had in effect made this horse his property and assumed the burden of giving him a good title. *Green* v. *Burton,* 59 Vt. 425 ; *Muller* v. *Riviere,* 46 Am. R., 291 ; Brandt Sur. and Guar. s. 63 ; *Fitzgerald* v. *Morrissey,* 14 Neb. 198 ; *Nelson* v. *Boynton,* 3 Metc. 396 ; *Alger* v. *Scoville,* 1 Gray, 397 ; *Emerson* v. *Slater,* 22 Howd. 360 ; *Mallory* v. *Gillett,*

21 N. Y. 412; *Dyer* v. *Gibson*, 16 Wis. 580; *Young* v. *French*, 35 Wis. 116; Br. St. Fr. 4th Ed., 214 c.; *Cross* v. *Richardson*, 30 Vt. 641; *Templeton* v. *Bascom*, 33 Vt. 132; Brandt. Sur. and Guar. s. 56; *Stratton* v. *Hill*, 134 Mass. 27.

The opinion of the court was delivered by

Tyler, J.   The following facts appeared on the trial in the court below :  John C. Stapleton left a horse to which he supposed he had title, with one Brooks, with directions that either Brooks or the defendant might sell it and apply $125 of the proceeds of the sale in payment of Stapleton's indebtedness to the defendant of that amount, for which the defendant held his promissory note. The defendant, with Brooks' consent, afterwards sold the horse to the plaintiff for $125, and applied the sum in payment of his debt. During the negotiations it appeared that Stapleton had replevied the horse from one Hope and that a suit was then pending between the last named parties, whereupon the defendant expressed the opinion that if Hope recovered in the replevin suit his remedy would be upon the bond and that the title to the horse was perfect in Stapleton.   Subject to the defendant's objection and exception the court admitted evidence tending to show that the plaintiff, upon learning of the suit, declined to purchase the horse unless the defendant would personally agree to make good the title thereto, and that the defendant then told the plaintiff that " If everything was not all right he would make it right," and the plaintiff replied, " if you want to make it in that way I will buy him if we can agree on the price," and thereupon made the purchase, relying on the defendant's promise.   In the admission of this evidence the defendant alleges error.   He claimed, and his evidence tended to show that he did not make the promise.

It is true, as stated in defendant's brief, that upon the sale of the horse there was an implied warranty of title by Stapleton, but the plaintiff did not rely on this implied warranty.   It does not even appear that he knew Stapleton or could rely on his responsibility.   His reliance was wholly on the defendant.

Farnham v. Chapman.

If the defendant's promise had been to make the title good if Stapleton did not, it would have been within the statute of frauds, but it was not thus conditioned. His promise was to make the title "all right" if it was not then right, which he fully believed.

From the uncontroverted facts in the case it may be assumed that the defendant desired payment of his debt from Stapleton; by means of the sale he was to obtain payment, so there was a consideration for his promise, in which respect the case differs from the one cited by defendant's counsel from 46 Mich. R. It is true that the mere fact that there is a consideration for a promise is not sufficient to take a case out of the statute. What is sufficient for that purpose is clearly stated by Pierpoint, J., in *Cross* v. *Richardson*, 30 Vt. 647: "The promise must not only be based on a valuable consideration, but it must be a consideration moving between the promisor and promisee, and from which the promisor is to derive some actual or anticipated benefit, in view of which the promise is made. When this is the case, it becomes a new and independent contract, existing entirely between the parties to it, and with which the original debtor has no other connection or interest, except that he may be benefited by its performance. It is then a promise to pay the debt of another person, not collateral to the debt, or for the benefit of that other person, but in view and in consideration of the benefit to be derived by the promisor therefrom." The same doctrine is recognized in *Eddy* v. *Davidson*, 42 Vt. 56, and in *Green* v. *Burton*, 59 Vt. 425.

*The judgment is affirmed.*