Argued February 18, affirmed March 11, rehearing denied April 1, 1919.

## BRYANT *v.* PANTER.

(178 Pac. 989.)

**Frauds, Statute of—Original or Collateral Promise—Jury Question.**

1. Where plaintiff, who sued to recover an amount due for the purchase price of an automobile, asserted that he sold the same on the joint credit of defendants, who were father and son, *held* that, under the evidence, the question of whether the promise of the father was original or collateral to the promise of the son was for the jury.

**Frauds, Statute of—Promise to Pay Debt of Another.**

2. Where, a seller having refused to sell a motor car on credit to the son, the father jointly promised with the son to pay the purchase price, *held* that such promise was not within the statute of frauds (Section 808, subd. 2, L. O. L.), and the father was liable, though the agreement was not reduced to writing and the promised note for the price was never given.

[As to what is, within the statute of frauds, a promise to pay or answer for the debt of another, see note in 126 **Am. St. Rep.** 487.]

From Coos: JOHN S. COKE, Judge.

Department 1.

George W. Bryant, the plaintiff, owned an automobile. Allen R. Panter is a son of his codefendant W. R. Panter. Bryant alleges in his complaint that in June, 1915, the Panters agreed to pay him $1,500 for the automobile, which according to the understanding of all the parties was to be delivered to Allen R. Panter; that $500 of the purchase price was payable in advance "and the balance on or before one year after delivery of said automobile, with interest thereon at the rate of 8 per cent per annum, for which said deferred payment the defendants expressly agreed to give plaintiff their joint and several promissory note."

The complaint states that the plaintiff delivered the automobile to Allen R. Panter on June 19, 1915, in accordance with the agreement; that the sum of $500 was paid to plaintiff "but that the defendants never executed the promissory note as agreed upon by the parties or at all"; that the "sale was made by plaintiff in reliance upon express promises of the defendants to be jointly and severally liable to plaintiff; and that the whole sum of $1,000 with interest is therefore due. This action to recover the balance due on the purchase price of the automobile was commenced on July 3, 1916, against Allen R. Panter and W. R. Panter.

The defendants joined in an answer which, besides denials, contains an affirmative defense to the effect that the promise made by W. R. Panter is unenforceable for the reason that it was an oral promise to pay the debt of Allen R. Panter.

A trial resulted in a verdict and judgment against both defendants for $1,000 with interest at 8 per cent

per annum from June 19, 1915. The defendants appealed. · AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. C. R. Barrow.*

For respondent there was a brief over the names of *Mr. Claud H. Giles* and *Mr. E. C. Roberts,* with an oral argument by *Mr. Giles.*

HARRIS, J.—1. Perhaps we can gain a clearer understanding of the controversy if a brief recital is given of some of the evidence. Bryant testified that:

In June, 1915, Allen R. Panter "came to me to buy this car and I told him * * that I would sell it to him provided he would get his father to go on the note with him, get his father to go security, because I would not sell it to him alone."

The plaintiff then went to a barber-shop where he found W. R. Panter and "explained the whole thing to him." Continuing with his testimony, the witness stated:

"I went and called him out of the barber-shop, * * and told him Allen wanted the car, and he agreed to go his security, and I asked him if Allen had spoken to him about it, and he said he had, and I asked him if he was perfectly willing to stand good for the car and see that I got my money, and told him I would not let Allen have it unless he agreed to pay me for it, and he said he had went Allen's security a number of times and he never lost anything on him, and I will go good for it and see that you get your money. I said, 'If that is the case I will turn the car over to Allen and you fellows can fix up the note and give it to me.'"

In answer to the question, "Do I understand you that the elder Panter was to sign that note merely as security of Allen or as a joint maker?" Bryant an-

swered thus: "A joint maker. He was to sign that note." The plaintiff told the jury that he had no agreement "with the old gentleman" except as stated and that "they was to get me the note and bring it to me." The plaintiff also testified:

"I considered Captain Panter was my sole security, because I didn't figure Allen was any security, because I know Allen had nothing."

Again this witness is recorded as saying to the jury:

"I sold it on Panter's word, I would not have let Allen have the car unless Panter personally agreed to it."

Then again the witness said:

"I didn't figure Allen was any good, Mr. Panter was the only man I was relying on at all."

There was evidence corroborating the story told by the plaintiff and there was also contradictory testimony given in behalf of the defendants. It was the contention of Bryant that the automobile was sold upon the faith of the joint promise made by the Panters, although it was understood by all parties that the Panters were purchasing the machine for the benefit of Allen R. Panter only. The respective theories of the litigants were submitted to the jury with appropriate instructions. The following instruction, which was evidently framed after the wording of the text found in 20 Cyc. 184, illustrates the language used by the court when submitting the theory of the plaintiff to the jury:

"The general rule of law is, that if two or more persons enter into an arrangement for the purchase of personal property, whereby—although the purchase is made for the benefit of one and he only—they become liable jointly as codebtors for the purchase price, and

91 Or.—44

credit is given to both jointly, they will each be held liable as on an original promise.''

2. If it can be said that the language employed by the parties was ambiguous it then became a question of fact for the jury to determine whether the promise of W. R. Panter was original or collateral: *Kesler* v. *Cheadle,* 12 Okl. 489 (72 Pac. 367); *Boorstein* v. *Moffatt,* 36 N. S. 81 (5 B. R. C. 89, 93); *Davis* v. *Patrick,* 141 U. S. 479, 489 (35 L. Ed. 826, 12 Sup. Ct. Rep. 58); 1 Brandt on Suretyship Guaranty (3 ed.), § 89. There is no room for arguing that the words used by Bryant and W. R. Panter, as a matter of law, imported a collateral promise on the part of the latter. Nor are we called upon to decide as a matter of law that their language spelled an original promise upon the part of W. R. Panter; for the verdict of the jury, when viewed in the light of the charge given by the trial judge, necessarily involves a finding that the Panters jointly promised to pay for the automobile and that the promise of W. R. Panter was original and not collateral. This promise of W. R. Panter did not violate Section 808, subdivision 2 of our statute which provides that an agreement to answer for the debt of another

''is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged.''

The statute of frauds does not extend to an agreement whereby two persons become joint promisors and codebtors to the seller, because the promise of one of the joint promisors is not collateral to the other, but the joint oral promise of both is original as to both and therefore valid: *Gibbs* v. *Blanchard,* 15 Mich. 292; *Boyce* v. *Murphy,* 91 Ind. 1 (46 Am. Rep. 567); *Hetfield* v. *Dow,* 27 N. J. Law, 440, 445; *Eddy* v. *Davidson,* 42 Vt. 56, 60; *East Baltimore Lumber Co.* v. *K'nessett*

*Israel Aushe S'phard Congregation,* 100 Md. 689, 691
(62 Atl. 575); *Oldenburg* v. *Dorsey,* 102 Md. 172 (5
Ann. Cas. 841, 62 Atl. 576); Browne on Statute of
Frauds (5 ed.), § 197; 1 Brandt on Suretyship (3 ed.),
§ 808; 29 Am. & Eng. Ency. of Law (2 ed.), 924. It
must be remembered that the automobile was sold on
the faith of the joint promise of the Panters and the
machine was not delivered until after both defendants
had agreed to pay for it.

Our conclusion that the statute of frauds does not
apply to the agreement which the jury found was made
by the parties, disposes of the assignments of error
arising out of the denial of a motion to strike from
the complaint and the refusal of the court to allow
the motion for a nonsuit made by the defendants. The
remaining assignment of error was not discussed at the
hearing; but upon an examination of the record we find
that, when the proposed amended answer is viewed in
the light of the evidence recorded on page 6 of the
transcript of testimony, the trial court was warranted
in refusing to permit the filing of the proposed
amended answer. The judgment appealed from is
affirmed.     AFFIRMED.     REHEARING DENIED.

MCBRIDE, C. J., and BURNETT and BENSON, JJ., con-
cur.