Argued October 31, 1966, affirmed March 1, 1967

# BONNEVILLE EQUIPMENT CO., INC.,
## *Appellant, v.* TUTTLE, *Respondent.*

424 P. 2d 231

*Dan Wolke,* Canyon City, argued the cause for appellant. With him on the briefs were Roy Kilpatrick, Canyon City, and Stanley C. Urbigkeit, Oregon City.

*Thomas M. Mosgrove,* Pendleton, argued the cause for respondent. On the brief were Mosgrove, Walton & Yokom, Pendleton.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, DENECKE and HOLMAN, Justices.

DENECKE, J.

The principal issue on appeal is the application of that part of the statute of frauds concerning an agreement to answer for the debt of another. ORS 41.580. The issue is raised by the trial court's instructions and its failure to give a requested instruction.

In August, 1964, plaintiff Bonneville Equipment Co., Inc., sold a log truck and loader on a conditional sales contract to one McKinley. In September, 1964, McKinley delivered the truck to defendant Tuttle, a mechanic, for repair. Before the repairs were started, McKinley and Tuttle together talked by telephone to the president of Bonneville. The nature of the promises made by Bonneville and McKinley to Tuttle in this call is the factual and legal issue in the lawsuit.

In a replevin action by Bonneville to secure possession of the truck, Tuttle cross-complained and alleged that Bonneville had agreed to pay for the cost of the repair. Bonneville replied that any such commitment was an oral promise to pay the debt of another and, therefore, not being in writing, was void. The jury returned a verdict for Tuttle and Bonneville appeals.

The trial court instructed the jury as follows:

"With regard to the liability of the plaintiff on the Cross-Complaint of the defendant, wherein the defendant, Mr. Tuttle, is claiming that Bonneville Equipment Company should pay the reasonable

charge for the work done, if you find that the defendant looked to Bonneville Equipment Company to pay the bill only if the possessors, Roger McKinley and Linda McKinley did not pay the bill, then in the absence of a written agreement, the defendant, Mr. Tuttle, cannot recover.

"Now, in this case there was no agreement, there was no acknowledgment in writing. So if you do find that Mr. Tuttle looked to the plaintiff to pay the bill only if the McKinleys did not pay the bill, then in that event, your verdict should be returned for Bonneville Equipment Company.

"Now, ladies and gentlemen, if you do find, however, that in making the repairs to the truck Mr. Tuttle was relying upon the credit of Bonneville Equipment Company, which credit Bonneville Equipment Company could extend to Mr. Tuttle before the work was done, then you shall find for Mr. Tuttle against the plaintiff for the reasonable value of the services and materials furnished by Mr. Tuttle and the repairs to the truck which Mr. Tuttle alleges to be in the amount of $4,929.98."

Bonneville excepted as follows:

"Then by giving the Defendant's Instruction, the Court instructed the jury that plaintiff could be responsible any time it—no—yes—no, anytime defendant looked to it for recovery. While the law in Oregon is to the effect that if this was a joint obligation of the McKinleys and Bonneville as defendant alleged in his Cross-Complaint, under the authority of—the cases previously cited, defendant could not recover. The net effect of the instruction is to give the jury a misleading view of the Statute of Frauds."

The court failed to give Bonneville's requested instruction, which was as follows:

"There is a rule which is followed in Oregon that an original promise is not within the statute of frauds but that a collateral promise is.

"The determination of whether a promise is an original promise as distinguished from a collateral one *depends upon whether credit is extended solely to the promisor* (Bonneville Equipment Co., Inc.) or whether the indebtedness is also primarily the indebtedness of the third persons (Roger L. and Linda M. McKinley) to whom the consideration moves. If the credit is given *solely* to the promisor (Bonneville Equipment Co., Inc.), it is an original promise and not within the statute of frauds and not required to be in writing *but if any credit is given to the third party (Roger L. and Linda M. McKinley), Bonneville Equipment Co., Inc.'s promise is collateral and must be in writing. Nor does it matter upon which of the three parties Martin L. Tuttle principally depended for payment so long as the third party (the McKinleys) are at all liable to him to do the same thing which Bonneville Equipment Co., Inc., has agreed to do."* (Emphasis added.)

Bonneville's contention is that its promise is void because of the statute of frauds unless the jury finds Tuttle relied *"solely"* upon Bonneville's promise and placed no reliance upon McKinley's promise. Bonneville so contends because of its mistaken conception, as shown by its exception above quoted, that a joint obligation, not in writing, is void because of the statute of frauds. Bonneville's position throughout the trial was that this was a joint obligation and that Tuttle so pleaded. Bonneville relied principally upon *Masters v. Bidler,* 101 Or 322, 198 P 912 (1921), and the language of its requested instruction is taken from that opinion.

■ Bonneville's contention that a joint promise must be in writing to be valid is erroneous. *Masters v. Bidler,* supra, at 333, states: "If the defendants had jointly promised to pay for the supplies, Townley would be

liable; but there is not a scintilla of evidence showing that they promised to pay the plaintiffs: *Bryant v. Panter,* 91 Or. 686 (178 Pac. 989); * * *." *Bryant v. Panter,* supra, at 690, specifically states that a joint promise is not within that part of the statute of frauds voiding verbal agreements to answer for the debt of another.

■■ The above quotation from *Masters v. Bidler,* supra, demonstrates that the rule that the statute of frauds applies unless "credit is given solely to the promisor" has no application to a situation in which there is a joint promise.[①] When the jury can find that there was a joint promise the instruction given is not in error and the requested instruction is incorrect.

Affirmed.

McALLISTER, J., dissenting.

In my opinion the instruction given to the jury, quoted in the majority opinion, is erroneous. The first paragraph told the jury that if Tuttle looked to Bonneville Equipment Co. to pay the bill *only* if the McKinleys did not pay the bill, then Tuttle could not recover unless there was a written agreement.

In the third paragraph of the quoted instruction, however, the court told the jury with equal clarity that if Tuttle in making the repairs relied on the credit of Bonneville Equipment Co., then the jury should find for Tuttle. This was an instruction to find against

---

[①] Neither party contended at trial that the language of Masters v. Bidler, 101 Or 322, 198 P 912 (1921), which was relied upon, is also inapplicable if the "main-purpose" or "leading-object" rule is applicable. Eilertsen v. Weber, 198 Or 1, 255 P2d 150 (1953). Accord, Mackey v. Smith, 21 Or 598, 606, 28 P 974 (1892); Umpqua Valley Bank v. Wilson, 120 Or 396, 403-406, 252 P 563 (1927). For a full statement of the rule, see 2 Corbin, Contracts, 273, ch 16 (1950).

Bonneville even if Tuttle relied primarily on the Mc-Kinleys and only secondarily, collaterally or incidentally on Bonneville. The third paragraph of the instruction was clearly erroneous. *Masters v. Bidler,* 101 Or 322, 198 P 912 (1921).

The defect in this instruction was called to the attention of the court by a proper exception, and the case should be reversed.

I dissent.

SLOAN, J., concurs in this dissent.