67 663
91 426
! 67 663
|106_ 310

[No. 8880.    Department One. — November 19, 1885.]

## THE OAKLAND GAS LIGHT COMPANY, RESPOND-ENT, v. JAMES P. DAMERON ET AL. JAMES P. DAMERON, APPELLANT.

PLEADING — STATUTE OF LIMITATIONS — FINDING. — The Statute of Limitations was pleaded by specifying certain sections of the Code of Civil Procedure as a bar to the action. The court found that the action was not barred by the statute or by the sections of the Code so specified. *Held*, that the finding was sufficient.

EJECTMENT — POSSESSION OF DEFENDANT — LANDLORD. — In an action of ejectment, where the possession is held by tenants, their landlord may be joined with them as a defendant.

ID. — CORPORATION — EVIDENCE. — In such an action, evidence that the plaintiff is a corporation *de facto* is admissible to establish the existence of the corporation as against the defendants.

APPEAL from a judgment of the Superior Court of the county of Alameda, and from an order refusing a new trial.

This was an action of ejectment. The remaining facts sufficiently appear in the head-notes and opinion of the court.

*C. A. & C. Tuttle*, and *J. P. Dameron*, for Appellant.

*W. W. Foote*, for Respondent.

McKINSTRY, J. — It is urged by appellant that the court below did not find on the plea of the Statute of Limitations. The plea is that plaintiff's cause of action is barred by sections 315, 316, 318, and 332 of the Code of Civil Procedure. The finding is as broad and specific as the plea.

The defendant Dameron moved for a nonsuit on the ground that there was no evidence that he was in possession of the demanded premises when the suit was brought, or at any time. Section 379 of the Code of Civil Procedure provides: " In an action to . . . . determine the right to the possession of real

property which, at the time of the commencement of the action, is in the possession of a tenant, the landlord may be joined as a party defendant." There was evidence that the defendant Dameron was the landlord of the tenants in possession.

There was evidence that the plaintiff was a corporation *de facto*.

In this action such evidence was admissible, and established the existence of the corporation as against the defendants.

It is said by counsel for appellant that the vital question in the case is: Is the plaintiff entitled to recover the possession of marsh land which lies between the high and ordinary high tide? It has been adjudicated in the proceeding which resulted in the confirmation of the grant to Peralta, that the Mexican government granted to him the lands herein demanded. It has not been shown to our satisfaction that the Mexican government had no power to make the grant, even if it be conceded that the existence of such power was not determined by the adjudication referred to.

Judgment and order affirmed.

Ross, J., and McKee, J., concurred.