TILFORD T. SHOOT

*v.*

CARRIE C. GALBREATH.

*Filed at Springfield April 5, 1889.*

1. DOWER—*right of the widow—generally.* Under the statute of 1845, and also under the present statute, upon the death of the husband, dower in the wife becomes consummate in all cases when he dies intestate; and the question as to what class of heirs he leaves, or, in fact, whether he leaves heirs or not, is of no consequence. Should the fee be disposed of to others, either by the Statute of Descents or by a sale

to pay debts, this dower right continues to exist, and can only be divested by the voluntary act of the widow.

2. SAME—*merger of dower right in a larger estate.* Should the widow, however, become the owner of land in fee, or any part of it, her dower, as in other cases where a greater and lesser estate unite in the same person, is merged in the fee, and, of course, can not be asserted.

3. SAME—*in case of death of husband without issue.* Since the Statute of Descents of 1872, and the Dower act of 1874, as was the rule under the act of 1845, should the husband die without leaving lineal descendants, his widow will take, as heir, one-half of his lands, and will be entitled to dower in the other half thereof.

4. SAME—*relinquishment of dower—effect of widow making deed as administratrix.* A widow, who in her capacity as administratrix makes a deed for lands of her deceased husband sold under a decree of court to pay debts, does not thereby relinquish her dower in such land, unless it is so specified in her deed, or she makes statements or does acts calculated to mislead the purchaser.

5. SAME—*damages for non-assignment of dower—requisites of the bill —time to object.* A widow is entitled to damages for the non-assignment of dower from the time of the filing of her bill for dower, that being, in law, a demand. The damages, however, should be claimed in the bill, by amendment or otherwise. But when both parties offer evidence on the question of damages, without objection, in the court below, the objection that the bill makes no such claim comes too late when made for the first time in this court.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. JAMES F. HUGHES, Judge, presiding.

Messrs. CONNOLLY & MATHER, and Mr. A. J. FRYER, for the plaintiff in error:

The statute of 1845 expressly saved to the widow her dower, which is not the case in the revision of 1874.

It would seem that the legislature, by giving one-half of the real estate and all the personalty to the widow, and by express language vesting the other half in the next of kin, intended that the same should thus descend without incumbrance of dower, or else it would have been reserved, as in the law of 1845.

Under the sixth clause of the Statute of Descents the widow takes the entire estate. How could it be claimed in that case

that if the lands were sold to pay debts she would still be entitled to dower? Not at all. The lesser estate would be merged in the larger. So in the case of her taking one-half. Such widows must do as other heirs. They must first pay the decedent's debts before taking anything.

The decree is erroneous in awarding execution against the plaintiff in error for the amount found as rent. There was no claim for rent in her bill for dower.

Defendant in error sold the premises at public sale without making any claim of dower, and should be estopped from now asserting such claim.

Messrs. WILEY & NEAL, for the defendant in error:

There can be no possible question about what the law was prior to 1872, when there was a surviving widow and no child or children, or descendants of child or children. The widow took one-half of the land in fee and dower in the other half. *Tyson* v. *Postlethwaite*, 13 Ill. 727; *Tyler* v. *Tyler*, 19 id. 151; *Cross* v. *Carey*, 25 id. 564; *York* v. *York*, 38 id. 522; *Brown* v. *Pitney*, 39 id. 468; *Sutherland* v. *Sutherland*, 69 id. 481.

The change in 1872 consisted in dropping the words, "saving to the widow, in all cases, her dower, as provided by law."

It is true that defendant's fee simple right vests only after debts are paid; but we can not agree with the attorneys for plaintiff in error that her dower interest is in abeyance until then. It has never been held, where the common law is in force, that creditors could sell the dower of a widow, and we do not imagine it ever will be so held until the legislature so enacts in unmistakable language.

In *Cool* v. *Jackman*, 13 Bradw. 561, Mr. Justice BAKER, in the opinion of the court, says: "So far as concerns the wife, the right of dower is the same under our present statute that it was at the time of the marriage and under the statute of 1845. The widow then was and now is endowed of the third part of all the lands whereof the husband was seized of an es-

tate of inheritance at any time during the marriage, unless the same had or has been relinquished in legal form."

It is further claimed that the decree is erroneous in awarding appellee damages for non-assignment of dower, when the bill did not claim any such damages. Section 41, chapter 41, entitled "Dower," Starr & Curtis' Statutes, expressly provides that complainant shall be entitled to recover such damages, and that execution may issue therefor. As to the point that there is no prayer for such damages in the bill, it was only after the filing of the bill that complainant was entitled to any damages, there being no evidence in the record that there was any demand for assignment of dower prior to filing the bill. Bringing suit for dower is deemed a valid demand. *Bonner* v. *Peterson,* 44 Ill. 253.

It is further claimed that defendant in error sold the premises at public sale without making any claim or giving notice of any claim of dower, and that the purchaser paid a fair price for the premises as unincumbered. There is no evidence that he paid any more than the premises were worth subject to dower. And he was bound to know the law, and to know that unless dower was released, defendant had her dower in said premises.

The claim of estoppel is fully answered by section 46, chapter 41, of Starr & Curtis' Statutes, which is as follows : "No person who sells and conveys lands by order of court, for the payment of debts, shall be deemed to have relinquished, by reason of such conveyance, any right of dower which he or she may have in such lands, unless his or her relinquishment is specified in the deed or conveyance."

Mr. JUSTICE WILKIN delivered the opinion of the Court:

On the 9th of February, 1887, defendant in error filed her bill in chancery, against plaintiff in error, in the Coles circuit court, for the assignment of dower, and on the 15th of May, 1888, obtained a decree for one-third part of the premises de-

scribed in her bill, as and for her dower, and the sum of $45 as damages for the non-assignment thereof, with an order that in default of payment of said damages within twenty days, execution should issue for the same. By the same decree commissioners were appointed to assign the dower. From that decree this writ of error is prosecuted, and a reversal insisted upon, because, as is said, defendant in error has no dower rights in the premises, and because, on the issues, the court below could not legally assess damages and order execution therefor.

The material facts are admitted. Defendant in error and William B. Galbreath were married June 1, 1885. He died October 1 thereafter, leaving her surviving him, and also his parents and several collateral relatives, but no lineal descendants. During the marriage the husband was seized in fee, and owned at the time of his death, real estate situated in Coles county, a part of which is described in this bill. Defendant in error and A. J. Fryer, Esq., were duly appointed administrators of his estate, and in June, 1886, obtained from the county court of said county a decree to sell real estate to pay debts theretofore probated and allowed against the same. In pursuance of this decree, the lands involved in this suit were sold to plaintiff in error, and an administrator's deed executed therefor without relinquishment of the widow's dower. Plaintiff in error went into possession, and held the same, enjoying the rents and profits from and after the filing of this bill, to the rendition of said decree. Other lands of said estate remained, after the payment of all debts, of the value of $8000, out of which the widow received as heir some $3000.

It is first insisted, on behalf of plaintiff in error, that inasmuch as the deceased husband left no child or children, or descendants thereof, and by the statute of this State in such case, after the payment of his debts, one-half of his real estate and the whole of his personalty descended to his widow as an absolute estate forever, she is entitled to no dower in this land,

—or, more succinctly stated, the proposition sought to be maintained is, that the widow of a husband dying intestate without lineal descendants, is not, under our statute, entitled to dower in any of the lands of which her husband was seized during the marriage.    Under the statute of 1845, it was often held that the widow of a husband so dying was entitled to dower in the half of the real estate of which he was seized during the marriage which she did not inherit, and these decisions must be accepted as decisive of the question here raised, unless it shall appear that the legislature intended to adopt a different rule by the statute of 1872, now in force.    The two statutes are not materially different, except that the 46th section of the statute of 1845, entitled "Wills," (which defined the rights of a widow when there was no child or children,) contained the clause, "saving to the widow, in all cases, her dower, as provided by law," whereas the present Statute of Descents (to which the foregoing subject is transferred) is silent as to dower.    The omission, "saving to the widow," etc., in the statute of 1872, it is contended, shows an intention on the part of the General Assembly to change the law of dower in such cases as it existed under the former statute.    The Dower act passed in 1874, now in force, provides that a surviving wife shall be endowed of the third part of all the lands whereof the deceased husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form.    If it could be said that this statute, and the Statute of Descents passed in 1872, are in conflict, the Dower act, being the latest expression of the legislative will, would control, and give the widow the same dower rights which she had under the statute of 1845.    There is, however, no conflict in these statutes.    As before said, the Statute of Descents is silent on the subject of dower.    The Dower act expressly gives the widow dower in *all* the lands whereof the husband was seized, etc., and hence, by giving effect to the language of both statutes, the dower right attaches to the half not descending to the

widow, as clearly as though the clause in the 46th section of the Statute of Wills of 1845 had been retained.

As no difficulty was found in giving practical effect to the statute of 1845, none, we apprehend, will be encountered in carrying out the construction here given to the present law. Under both statutes, upon the death of the husband, dower in the wife becomes consummate, in all cases when the husband dies intestate, and the question as to what class of heirs he leaves, or in fact whether he leaves heirs or not, is of no consequence. If the fee is disposed of to others, either by the Statute of Descents or by sale to raise assets to pay debts, this dower right continues to exist, and can only be divested by the voluntary act of the widow. If she becomes the owner of the land in fee, or any part of it, her dower, as in other cases where a greater and lesser estate meet in the same person, is merged in the fee, and, of course, can not be asserted.

To hold, as is contended, that because, under the third clause of section 1 of the Statute of Descents, a widow may become the owner in fee of one-half, or, under the sixth clause, of the entire estate, therefore, whether she does in fact become such owner or not, she shall, in such case, have no right of dower, would in many cases deprive her of all means of support from the real estate of her deceased husband. However much real property he might die seized of, if all should be required to pay debts the widow would receive nothing. The debts of the husband may, and often do, in such cases, defeat the wife's claim to any portion of the real estate in fee, but they can not affect her right of dower. Of that right she can only be deprived by her own voluntary relinquishment in legal form. We hold that the decisions made under the statute of 1845 are equally applicable to the present law, and are decisive of appellee's right to dower in the lands in question.

It is said, however, that inasmuch as the widow in this case joined with her co-administrator in making a sale and execut-

ing an administrator's deed for these premises without making
any claim, or giving any notice of a claim, to dower therein,
she should now be estopped from asserting such right, even
though it did exist. Section 46, chapter 41, entitled "Dower,"
provides : "No person who sells and conveys lands by order
of court, for the payment of debts, shall be deemed to have
relinquished, by reason of such conveyance, any right of dower
which he or she may have in such lands, unless his or her
relinquishment is specified in the deed or conveyance." It is
not pretended that any statements were made by the widow,
or any acts done by her, calculated to deceive or mislead plain-
tiff in error, and he must therefore be held to have purchased
subject to all the legal rights of defendant in error.

The damages allowed were one-third of the rental value of
the premises for one year, less taxes paid by plaintiff in error.
We do not understand counsel for plaintiff in error to contend
that defendant in error is not entitled to damages for the non-
assignment of dower from the time the bill was filed, (which
in law is a sufficient demand,) if she is lawfully entitled to
dower, nor that the amount allowed by the court is not equi-
table and just. The error complained of is the allowance of
damages, none being claimed in the bill. Correct practice
would no doubt have required complainant below to have
amended her bill so as to claim damages, and make it conform
to the evidence, but inasmuch as both parties introduced evi-
dence on the hearing as to the rental value, without objection,
and plaintiff in error showed the taxes paid by him, all of
which testimony was introduced on the question of damages,
and was competent for no other purpose, we think that the
parties voluntarily submitted that issue to the court. The
objection that no claim for such damages was made in the bill,
being urged for the first time in this court, comes too late.

*Decree affirmed.*