## YBARRA v. SYLVANY.

### No. 19,102; January 14, 1893.

#### 31 Pac. 1114.

**Quieting Title—Finding of Fact or of Law.**—In an action to quiet title, a finding that plaintiff is the owner in fee and entitled to the possession of the described parcel of land is a finding of an ultimate fact, and not a conclusion of law.

**Quieting Title—Pleading Bar to Action.**—Where defendant pleads that the action is barred by certain specified sections of the Code of Civil Procedure, a finding that plaintiff, at the time of com-

mencing the action, was under the age of twenty-three years, and his cause of action is not barred by either of the sections pleaded, is sufficiently specific.

Quieting Title—Capacity of Plaintiff—Findings.—Where defendant does not raise the objection that plaintiff has not legal capacity to sue, a finding that plaintiff was under twenty-three years of age at the time of commencing the action is not objectionable on the ground that he may have been under twenty-one years of age, and is sufficient.

Quieting Title—Repayment of Money Paid Under Void Deed.—Where defendant claims under a void guardian's deed, and sets up no claim for repayment of money paid, and it does not appear that he paid any for the land, a judgment quieting the title in plaintiff is not erroneous, though no tender of repayment is made.

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Action by Candelario Ybarra against Stephen Sylvany to quiet the title to a certain parcel of land. From a judgment for plaintiff and from an order denying his motion for a new trial, defendant appeals. Affirmed.

Dameron & Van Schrever for appellant; Moye Wicks for respondent.

BELCHER, C.—This is an action to quiet the plaintiff's title to a parcel of land in the city of Los Angeles, and the complaint is in the usual form. The defendant, by his answer, denied all the averments of the complaint; denied that he had no right, title, or interest in or to the land; and alleged that he was the owner thereof in fee simple, and was such owner and entitled to the possession of the land when the action was commenced; alleged that he had been in the quiet and peaceable possession of the premises described, holding and claiming the same adversely to the plaintiff and all other persons, for more than five years before the commencement of the action, and that the plaintiff's cause of action was barred by the provisions of sections 1806 and 318 and 319 of the Code of Civil Procedure. He then set out the facts in a cross-complaint and asked that his title be quieted as against the plaintiff. After trial the court below found that the plaintiff "is now, and for a long time hitherto has been, the

owner in fee and entitled to the possession of'' the parcel of land described in the complaint; that the defendant claims an interest in and to the said land, but his claim is without right, and he has no right, title, or interest therein, or in any part thereof; that the defendant was in the quiet and peaceable possession of the premises described, and claiming the same adversely to the plaintiff and all other persons, for more than five years before the commencement of the suit, but during all that time the plaintiff was the owner and entitled to the possession thereof; that, at the time defendant entered upon said premises, plaintiff was a minor, and defendant entered thereon ''under a pretended purchase thereof at an irregular and erroneous and insufficient and void guardianship sale, made in the matter of the estate and guardianship of this plaintiff, and this defendant has never had any title to the said premises or any part thereof, save such title as he claimed to have under the said worthless and void guardianship deed of conveyance''; that plaintiff at the time of commencing the action was under the age of twenty-three years; and that his cause of action was not barred by either of the sections of the code pleaded in bar thereof. Judgment was accordingly entered quieting the plaintiff's title, in accordance with the prayer of his complaint. Defendant moved for a new trial, which was denied, and then appealed from the judgment and order. No bill of exceptions or statement of the case is brought up in the transcript, and therefore only such questions can be considered as arise upon the judgment-roll.

In support of the appeal it is claimed that the findings as to the plaintiff's ownership and right to the possession of the premises in controversy were mere conclusions of law, and therefore insufficient to justify the judgment. This claim cannot be sustained. Finding No. 1 was to the effect that the plaintiff is the owner in fee and entitled to the possession of the described parcel of land. This was a finding of the ultimate fact, and not of a conclusion of law, and was sufficient: Murphy v. Bennett, 68 Cal. 528, 9 Pac. 738; Daly v. Sorocco, 80 Cal. 367, 22 Pac. 211.

It is further claimed that the findings upon the issues raised by the plea of the statute of limitations were simply conclusions of law, and insufficient. The defendant pleaded the statute by alleging that the cause of action was barred by

certain sections of the Code of Civil Procedure, and the court found that the action was not barred by either of the sections named. The finding was as broad and specific as the plea, and was sufficient: Oakland Gaslight Co. v. Dameron, 67 Cal. 663, 8 Pac. 595; Luco v. De Toro, 91 Cal. 407, 27 Pac. 1082.

It is also claimed that the finding that plaintiff was under the age of twenty-three years when the action was commenced was insufficient, because he might have been under the age of twenty-one years, and so incapacitated to commence the action. A sufficient answer to this claim is that defendant failed to raise the objection that plaintiff had not legal capacity to sue, by demurrer or answer, and it was therefore waived.

Finally, the point is made that the plaintiff had no right, legal or equitable, to have his title quieted as against the defendant, without first paying back to the defendant the money which the latter paid for the land at the guardian's sale. We do not think the judgment can be reversed on this ground. No claim for repayment of any sum of money is set up in the answer or cross-complaint, and it nowhere appears in the record that any sum was ever paid by the defendant for the land. If he in fact paid for the land, and considered himself entitled to repayment, as a condition precedent to the quieting of the plaintiff's title, the facts showing his equities should have been set up, and appropriate relief asked. On the whole, we see no merit in the appeal, and therefore advise that the judgment and order be affirmed.

We concur: Haynes, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.