[Civil No. 1328.   Filed January 21, 1914.]

[138 Pac. 17.]

J. M. MOLINA, Appellant, v. CARLOS RAMIREZ, FAUS-
TINO RAMIREZ, and FACUNDO RAMIREZ, Minors,
by Their Legal Guardian, EDWARD J. CANEPA, CAR-
MELITA CANEPA and EDWARD J. CANEPA,
Appellees.

1. HUSBAND AND WIFE—REAL PROPERTY—COMMUNITY PROPERTY—DIS-
SOLUTION OF COMMUNITY—EFFECT.—Where real property was ac-
quired from the government by a husband during marriage, it was
community property, and hence, on the dissolution of the community
by the death of the husband, the property passed without probate
proceedings or other legal action—one-half to the widow and the
other half to the children of the marriage.

2. HUSBAND AND WIFE—COMMUNITY PROPERTY—ASSIGNMENT TO WIDOW
AND CHILDREN—EFFECT.—Where, on the death of a husband, the
probate court assigned community real property worth less than
$2,000 to the widow and minor children, the law vested title to the
property—one-half in the widow and the other half in the children—
without reference to the community character of the property, as
provided by Civil Code of 1901, paragraph 1729.

3. HUSBAND AND WIFE—REAL PROPERTY—ASSIGNMENT TO WIDOW AND
MINOR CHILDREN.—Where real property worth less than $2,000 was
the only asset of a decedent's estate, the probate court, after pay-
ment of the expenses of the last illness and funeral charges, and the
expenses of administration, was required by Civil Code of 1901,
paragraph 1730, to assign the property to the widow and minor
children for their use and support, after which there could be no
further administration proceedings, unless further estate was dis-
covered.

4. HUSBAND AND WIFE—COMMUNITY PROPERTY—SALE—JURISDICTION.—
A husband having died, leaving land worth less than $2,000 as his

entire estate, and the probate court having assigned the same to the widow and minor children, as required by Civil Code of 1901, paragraph 1730, it had no subsequent jurisdiction to authorize the administratrix to sell the land, and an order and judgment attempting to confer such authority was void.

5. HUSBAND AND WIFE—ADMINISTRATION OF COMMUNITY PROPERTY—ADMINISTRATRIX'S DEED—EFFECT.—A husband died, leaving a widow, and minor children, and 160 acres of· community property, which was the only asset of his estate. This land was worth less than $2,000, and on application by the widow, who was administratrix, it was awarded to her and the minor children for their use and support, as authorized by Civil Code of 1901, paragraph 1730, notwithstanding it would have vested in them to the same extent without any such order because of its community character. Thereafter the administratrix applied for and was granted an order to sell the land, which order was void for want of jurisdiction, and under this issue she sold the land executing a deed describing the grantor as administratrix. *Held,* that such deed was not void, but the word "administratrix" could be regarded as mere *descriptio personae,* and the deed upheld as a conveyance of the widow's interest in the land.

6. ESTOPPEL—NECESSITY OF PLEADING.—Where the facts pleaded and proved established defendant's right to relief by estoppel, his failure to allege that by reason of such facts plaintiffs were estopped is immaterial.

7. ESTOPPEL—BY DEED—AFTER-ACQUIRED TITLE.—Where a widow, owning one-half of certain realty in common with her children, executed a deed, with covenants of warranty, purporting to convey the entire property, and thereafter she acquired a further interest in the land by the death of two of her children, such interest passed to the grantee in the deed by estoppel.

8. JUDGMENT—RELIEF—APPLICABILITY TO PLEADINGS.—Where, in a suit to quiet title, defendant's pleadings were framed for the sole purpose of defeating the claims of plaintiffs as to the title to the land, and the only affirmative relief demanded by him was that his title be quieted as against plaintiffs, a judgment requiring plaintiffs to pay defendant a sum of money as a condition to a judgment quieting their title to the premises was improper as outside of the issues.

[As to what constitutes community property, see note in 126 Am. St. Rep. 99.]

APPEAL from a judgment of the Superior Court of the County of Yuma. Frank Baxter, Judge. Reversed and remanded, with directions.

STATEMENT OF FACTS BY THE COURT.

Action to quiet title to 160 acres of land situate in Yuma county, Arizona. Both plaintiffs (appellees) and defendant (appellant) deraign title through Carlos Ramirez, deceased, and his surviving widow. The pleadings and evidence disclose the following facts: In October, 1899, Carlos Ramirez received a patent from the government for the land. Not long thereafter he died intestate, leaving surviving him Guadalupe Ramirez, his widow, Carlos, Faustino, Facundo, Carmelita, Custodia, and Josefita Ramirez, minor children, all of tender years. February 17, 1900, letters of administration were issued to the widow, Guadalupe; March 20, 1900, the probate court by decree assigned for the use and support of the widow and minor children all of said land and premises under the provisions of title 17, part 4, "Procedure in Probate Court," chapter 5, Revised Statutes of 1901. April 2, 1900, the administratrix petitioned the probate court for an order authorizing her to sell the premises to secure the necessities of life for herself and children, and on April 17, 1900, the court made the order prayed for. On the same date the administratrix, for a consideration of $400, conveyed the premises to appellant. The granting or operative words in the deed are "bargain, sell, convey, and confirm" the described premises unto appellant, "together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging, or in any wise appertaining, . . . and also all the estate, right, property, possession, claim, and demand whatsoever, as well in law as in equity of the said party of the first part." This deed was signed and acknowledged by the administratrix in her representative capacity. Shortly before the institution of this suit the widow, Guadalupe Ramirez, by deed, conveyed all her right, title and interest in said premises to appellee Carmelita Canepa. The trial court gave judgment quieting the title of plaintiffs (appellees) on condition that they pay to appellant the $400 that he had given to the administratrix for her deed, and all taxes that he had paid on land, with interest. From this judgment and orders overruling motions for new trials, both parties have appealed.

Messrs. Alexander & Christy and Messrs. Sloan, Seabury & Westervelt, for Appellant.

Mr. Thos. D. Molloy, for Appellees.

ROSS, J.—The property here involved was the community property of Carlos Ramirez and his wife, Guadalupe. It was acquired by them from the government during their coverture. It belonged to the one as much as to the other. As was said by this court in *La Tourette* v. *La Tourette, ante,* p. 200, 137 Pac. 426: "Upon the dissolution of the community by death, the wife does not inherit her share of the common property; but with the death of the husband the management and control of the statutory agent or trustee ceases. The wife acquires not her share, for that was already hers, but in addition to her share she acquires the right of management, control, and disposition of that share; her status being thereby fixed as that of a *feme sole.* If there be no child or children of the deceased husband, all of the common property goes to the surviving wife. She has her share in the property, and in addition, by right of survivorship, and not as an heir, she acquires the share that belonged to the husband, and she takes all of the property in her own right, and with respect to the management, control and disposition of such property is reduced to the status of a *feme sole,* and must thenceforward with respect to it act for herself. . . . But under the statute also, if the deceased have a child or children, the survivor is entitled to his or her one-half of the property, and the other half passes to the child or children of the deceased." Thus it will be seen, regardless of any probate proceedings, or any legal action whatever, the wife, Guadalupe, was the owner, with the power of control and disposition over one-half, and the minor children became, upon the death of their father, the owners of the other one-half of the subject matter of this suit.

However, without regard to the community character of the property, after it was assigned by the probate court to the widow and minor children for their use and support, the law vested title to one-half of it in the widow and one-half of it in the minor children in equal shares. Par. 1729, Ariz. Rev. Stats. 1901.

The law made it the imperative duty of the probate court, where the value of the estate, as in this case, did not exceed $2,000, "after the payment of the expense of last illness, funeral charges and expenses of administration," to assign the whole of the estate to the widow and minor children for their use and support. "And there must be no further proceedings in the administration unless further estate be discovered." Par. 1730, Ariz. Rev. Stats. 1901.

There is no suggestion in the record of the discovery of any "further estate" after the order assigning this property to the widow and minor children. The 160 acres of land was the only asset of the estate. Any proceedings in the probate court concerning the property of the estate after the order of the court assigning the whole thereof to the widow and minor children was unauthorized, and in violation of the terms of paragraph 1730, *supra.* The proceedings in the probate court of April 17, 1900, whereby the administratrix was authorized to sell the land involved here was purely *coram non judice,* and the order and judgment therein was absolutely void, and without any legal or binding effect.

The one-half of the property, whether it passed to them from the community estate upon the death of their father, or whether it became theirs by virtue of the order of the probate court assigning it for their use and support, belonged to and was the property of the minor children, and it was not within the power of their mother, as such, nor as administratrix of the estate of their father, to dispose of it. Her deed of their one-half interest to appellant to that exent was of no force or effect.

But, as above stated, Guadalupe Ramirez, widow, was the absolute owner of one-half of the property, with the power of control and disposition. There was no legal impediment in the way of her making a valid deed of transfer of her one-half; her status as to her one-half was that of a *feme sole,* but it is the contention of appellees that, inasmuch as she undertook to convey the property in her representative capacity, the deed in no event would have the effect of transferring her personal or individual interest. If, in the execution of the deed to appellant, she was obeying a lawful order of the probate court, and received none of the fruits of the sale, we would agree with the cases cited by appellees, and hold that her deed

was ineffectual to convey any of her individual interest. In that case she would be the mere instrument of the court, and to disobey its order would subject her to punishment for contempt. *Shoot* v. *Galbreath,* 128 Ill. 214, 21 N. E. 217; *Wright* v. *De Groff,* 14 Mich. 164; *Sip* v. *Lawbeck,* 17 N. J. L. 442; *Gjerstadengen* v. *Van Dusen,* 7 N. D. 612, 66 Am. St. Rep. 679, 76 N. W. 233.

In the last case it is said: ''Certainly Ole Peterson could not receive and retain the proceeds of the sale of the land, knowing that they were paid by the purchaser in the belief that he was securing a perfect title to the land, and yet be heard, in a court of equity, to assail such title, nor would the capacity in which he might receive the proceeds be material.''

Now, in this case, it appears that the widow wanted to convert the land into money with which to supply herself and children with the necessities of life. Laboring under a misconception of the law, she did the useless and fruitless thing of asking the probate court to authorize the sale. The sale, without such order, the court being without jurisdiction at the time, would have been just as legal and effective. She was paid the consideration of $400 by the appellant, and used it for herself and her family's necessities. We think, under these facts she is estopped from now claiming that the deed did not convey her individual interest to the appellant. *Rannels* v. *Howe,* 145 Fed. 296, 74 C. C. A. 376; *Corzine's Heirs* v. *Williams,* 85 Tex. 499, 22 S. W. 390; *Johnson* v. *Branch,* 9 S. D. 116, 62 Am. St. Rep. 857, 68 N. W. 173; *Brown* v. *Edson,* 23 Vt. 435; *Carbee* v. *Hopkins,* 41 Vt. 250; 16 Cyc. 712.

The deed as an administratrix's deed is confessedly defective, and perhaps void. It contains none of the recitals provided by law, and, if the estate had owned the property described therein, the deed would probably have been ineffectual to convey title. The description of the grantor as the ''administratrix,'' therefore, may be treated as *descriptio personae,* and of no effect. She acted, so far as her interest in the property was concerned, in her individual capacity when she executed the deed.

Appellees contend that in any event estoppel cannot be invoked for the reason that it was not pleaded. However, the facts were fully set forth in appellant's cross-complaint, and

the mere failure to allege that by reason thereof appellees were estopped as to the one-half interest of the widow will not defeat the estoppel. Where the facts pleaded and the evidence show that the relief sought should be granted, that relief will not be withheld on account of some informality in the pleadings. *Carlyle* v. *Sloan,* 44 Or. 357, 75 Pac. 217–222.

Before the institution of this suit two of the minor children had died, and their interest in the undivided half of the land had descended to their mother, Guadalupe, and the four surviving minor children. It is the contention of appellant Molina that this after-acquired interest in the premises by Guadalupe, the grantor in his deed, inured to him.

Ir 16 Cyc. 689, the general rule is stated as follows: "If a grantor having no title, a defective title, or an estate less than that which he assumed to grant, conveys with warranty or covenants of like import, and subsequently acquires the title or estate which he purported to convey, or perfects his title, such after-acquired or perfected title will inure to the grantee or to his benefit, by way of estoppel."

Paragraph 723, Revised Statutes of Arizona of 1901, which is the same as article 627, Sayles' Texas Civil Statutes, is as follows: "Every estate in lands which shall hereafter be granted, conveyed or devised to one, although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law."

Guadalupe Ramirez's deed, when tested by the provisions of this statute, was unquestionably a fee-simple deed. It purported to convey the lands described in fee simple. Gathered from the deed, that was the evident intention of the grantor. There are no words of limitation in the deed, and no law limiting their force to less than a fee simple. In *Lindsay* v. *Freeman,* 83 Tex. 259, 264, 18 S. W. 727, 729, in speaking of a deed in which the granting or operative words were as here, and of their force and effect as covenants of title, the court said: "This instrument is not a mere quitclaim, or a release, or a conveyance of the right, title, and interest which the grantors then had. It purports 'to convey the lands and land certificates,' and, purporting to

·convey them in fee simple, it purports to convey an absolute, indefeasible title. It is such an instrument as would protect a *bona fide* purchaser. *Richardson* v. *Levi*, 67 Tex. 364, 3 ·S. W. 444. If the grantors, the Lowery sisters, did .not possess the estate which the deed purports to convey, nevertheless, as it was their clear intention, shown by the deed, to ·convey a fee simple, they and their privies, whether in blood, in an estate, or in law, are estopped to claim by an after-:acquired title, though the deed contains no warranty. The language in the deed whereby the grantors 'convey' the fee-:simple estate in the land constitutes a recital which imports ·an assertion by them that they are the owners in fee simple ·of the land, and having thus asserted the fact of their owner-·ship, the grantors are estopped to deny such fact. *Root* v. *Crock*, 7 Pa. 380; *Jackson* v. *Parkhurst*, 9 Wend. [N. Y.] ·209." And in the later case of *Scates* v. *Fohn* (Tex. Civ. App.), 59 S. W. 837, 839, *Lindsay* v. *Freeman* was approved ·in this language: "As stated in the opinion in that case (citing with approval from certain authorities): 'The estoppel ·does not depend upon the obligation of the covenant of war-·ranty, although the books sometimes loosely say so. It depends on good faith, right, conscience, fair dealing, and sound judgment. When a person competent to act has solemnly made a deed (conveying not merely his interest at the time, but .a fee-simple estate), he shall not be allowed to gainsay it to the injury of those whom he has misled thereby.' The warranties created by our statute with regard to such a deed are ·that the estate conveyed is free from encumbrances, and that the grantor has not conveyed such estate, or any right therein, to any other person. If we treat the deed as containing these warranties, it would be, if anything, a stronger asseveration by the grantor than without them that the grantor owned ·the estate conveyed." Guadalupe Ramirez and her grantee, ·Carmelita Canepa, are estopped to deny that the title· to the ·interest inherited by the mother from her deceased children _passed to Molina by her deed of April 17, 1900.

The appellees, by cross-appeal, complain that error was committed by the trial court in requiring, by its judgment, that appellees repay to Molina the $400 purchase price paid -to Guadalupe Ramirez, and all taxes that appellant had paid ·on premises, together with six per cent interest on all such

sums, as a condition precedent to the judgment quieting their title to premises taking effect. This assignment is well taken. The pleadings of appellant were framed for the sole purpose of defeating the claims of appellees. No facts are pleaded by appellant justifying such a judgment, as the only affirmative relief demanded by him was that his title be quieted as against appellees. The judgment, in requiring appellees to pay appellant the sums of money mentioned, did not conform to pleadings, but was outside of any issue in the case. *Ybarra* v. *Sylvany,* 3 Cal. Unrep. 749, 31 Pac. 1114; *Badaracco* v. *Badaracco,* 10 N. M. 761, 65 Pac. 153; *Tice* v. *Derby,* 59 Iowa, 315, 13 N. W. 301.

The appellees should have judgment unconditionally quieting their title to all of said land, except the one-half of the mother and the interest therein inherited by the mother from the two deceased children, as to which portions the appellant's title should be quieted.

The case is reversed and remanded, with directions that judgment be entered accordingly. The appellees recover costs in lower court, and each party pays his costs in this court.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.