[S. F. No. 11321. In Bank.—July 15, 1927.]

## JOSEPH T. FINN, Respondent, v. ROSE GOLDSTEIN, Appellant.

[1] CONTRACTS—SALE AND PURCHASE OF REAL PROPERTY—ESSENTIALS OF MEMORANDUM.—Upon a sale and purchase of real property, a memorandum in the form of a receipt for a certain sum of money signed by the seller, with an acceptance signed by the purchaser, and setting forth the purchase price and the time of

---

1. See 12 Cal. Jur. 908.

payment, together with a description of the land sufficiently identifying it, is sufficient.

[2] ID.—SPECIFIC PERFORMANCE—DESCRIPTION—EXTRINSIC EVIDENCE—FINDINGS.—In a suit for the specific performance of a contract for the sale and purchase of land, where the memorandum of sale described the property by certain numbers on a certain street, and extrinsic evidence was introduced to describe it by metes and bounds which were set out in the findings of fact, the property was sufficiently identified for specific performance of the contract.

[3] ID.—PLEADING—ADEQUACY OF PRICE—FAIRNESS OF CONTRACT.—In such a suit, where the complaint alleged that the sum mentioned in the contract was not disproportionate to the value of the property, this was insufficient to show that the contract sought to be specifically enforced was in all respects just, fair, and equitable; but where the answer denied that that sum was not disproportionate to the value of the property and that it was an inadequate and unfair consideration and alleged that at the present time a fair and adequate value of the land would be a certain larger sum named, the judgment will not be reversed on appeal for the defect in pleading, a demurrer to the amended complaint never having been called up or passed upon by the court and the plaintiff not having been given an opportunity to amend his complaint to meet the technical requirements of a pleading in specific performance.

(1) 27 C. J., p. 265, n. 23.    (2) 36 Cyc., p. 590, n. 81, p. 591, n. 83.
(3) 4 C. J., p. 735, n. 25, p. 927, n. 42; 36 Cyc., p. 776, n. 62.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Milton T. U'Ren and Albert Jacoby for Appellant.

R. M. J. Armstrong, Daniel A. Ryan and George F. Snyder for Respondent.

2. Sufficiency of description in contract by reference to street number, note, L. R. A. 1918C, 520. See, also, 10 Cal. Jur. 947; 12 Cal. Jur. 911; 25 Cal. Jur. 486, 489; 25 R. C. L. 221, 653.

3. See 23 Cal. Jur. 438, 442, 494, 495.

LANGDON, J.—This is an action brought to compel specific performance of a contract for the purchase and sale of certain real property in San Francisco, California. The written agreement pleaded and proved reads as follows:

"San Francisco, March 19, 23.

"Received from Mr. Joseph Finn Fifty Dollars. Deposit on three flats and four stores located on 24th St. Known as numbers 3257 to 3269—24th St.

"Cost of property—$11,500.

"Deposit to stand good until April 2, 1923.

"(Signed)   ROSE GOLDSTEIN.

"I accept above agreement.

"(Signed)   JOSEPH T. FINN."

[1] The only serious question involved upon appeal is the sufficiency of this memorandum. The trial court held it sufficient and gave judgment for the plaintiff. We think it meets the test laid down in *Breckenridge* v. *Crocker*, 78 Cal. 529, 535 [21 Pac. 181], as follows: "But the memorandum must contain all the material elements of the contract; that is, it must show who is the seller and who is the buyer, what the price is and when it is to be paid, and must so describe the land that it can be identified." *Fritz* v. *Mills*, 170 Cal. 449 [150 Pac. 375], announces the same rule. In the instant case, the buyer is the plaintiff and the seller the defendant; the price is $11,500, and the time of payment is April 2, 1923. The land is described sufficiently for identification.

In the case of *McKevitt* v. *City of Sacramento*, 55 Cal. App. 117, 127 [203 Pac. 132], it was said:

"The property might be readily identified by a competent surveyor, with reasonable certainty. When that is possible, either with or without the aid of extrinsic evidence, the description is sufficient (citing cases). If it ever became necessary to establish the sufficiency of the description it might be shown by extrinsic evidence, not for the purpose of adding to or varying the description contained in the contract, but for applying the description to that part of the surface of the earth which is the subject matter of the agreement. In such cases, whether or not such evidence is sufficient to show that the land can be identified with reasonable certainty, is a question of fact for the trial court (citing cases)."

[2]  In the instant case, the trial court, by extrinsic evidence, obtained the description of the land by metes and bounds and set the same out in its findings of fact. The appeal is taken upon the judgment-roll alone, and there is no contention that the evidence was insufficient to identify the property designated in the memorandum as numbers 3257 and 3269 24th Street as that described in the findings by metes and bounds.

This conclusion meets the two attacks made by the ap- pellant, i. e., that the memorandum is insufficient under the statute of frauds, and that it is too vague and uncertain to be specifically enforced.

[3]  The remaining contention upon appeal is character- ized by appellant as a minor one, and is to the effect that the allegation of the complaint "that the sum of $11,500 is not disproportionate to the value of the property" is in- sufficient to show that the contract sought to be specifically enforced was in all respects just, fair, and equitable. Tech- nically, the allegation is insufficient, but we think, under the circumstances of this case, that fact would not warrant a reversal of the judgment. The answer to the amended complaint denied "that the sum of $11,500 is not dispro- portionate to the value of said property, but, upon the contrary, alleges that the sum of $11,500 is wholly dis- proportionate to the value of said property and that the sum of $11,500 is an inadequate and unfair consideration for said property and in this connection, defendant alleges that upon the 19th day of March, 1923, and upon the 13th day of April, 1923, and at the present time a fair and ade- quate value of and for said property was and is the sum of $15,000." The trial court found that the consideration mentioned in the contract was an adequate consideration for the property.

While a demurrer to the amended complaint was filed, together with the answer thereto, the record shows no ruling upon said demurrer, and, apparently, the matter was never called to the attention of the court and the plaintiff was not given an opportunity to amend his complaint to meet the technical requirements of a pleading in specific perform- ance. Under such circumstances, this court will not reverse a judgment for this defect in the pleading. Regarding a similar situation, this court said, in *Baker* v. *Miller,* 190

Cal. 263 [212 Pac. 11] : "Viewed as a whole, we feel there is no escape from the conclusion that the complaint is insufficient and the general demurrer interposed by the defendant should have been sustained. We are not inclined, however, to reverse the judgment for that reason. Whether the defendant called the attention of the court below to the infirmity of plaintiff's complaint, or only demurred as a matter of form, does not appear. After the demurrer was overruled, however, she answered, denying generally and specifically the averment of the complaint attempting to allege the adequacy of the consideration and the fairness of the contract. . . . With all of the evidence before it, the trial court found that the contract between the parties was fair and just and liberal in its provisions in favor of the defendant. . . . The case presented is one which falls squarely within the constitutional inhibition that no judgment shall be set aside for any error as to any matter of pleading, unless after an examination of the entire case, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

In the instant case, the evidence is not before us, as the appeal is upon the judgment-roll and all intendments are in favor of the findings and judgment.

The judgment appealed from is affirmed.

Seawell, J., Shenk, J., Waste, C. J., Preston, J., and Curtis, J., concurred.

Rehearing denied.