173 P.2d 641
**SHREEVE v. GREER et al.**
No. 4817.

Supreme Court of Arizona.

Oct. 21, 1946.

Struckmeyer & Struckmeyer, of Phoenix, for appellant.

J. Smith Gibbons, of St. Johns, for appellees.

LaPRADE, Judge.

Appellees, plaintiffs below, secured a judgment against appellant, defendant below, compelling her to specifically perform a contract calling for the conveyance of certain real estate and leasehold interests (State grazing leases). The contract of sale was entered into on January 27, 1944, and was executed by Ethel Shreeve (seller) and Byron Heap (purchaser). At this time Ethel Shreeve was a widow; the estate of her husband was then in the process of being probated. The real estate involved had been owned by Ethel Shreeve and her husband as community property. No children survived. The community

interest of her husband was distributed to her on February 9, 1944. The contract relied on was in the nature of a receipt, the material parts of which read as follows:

"Received of Melvin Greer and Byron Heap the sum of $200 as down payment on purchase of Sections * * *".

"The total purchase price shall be at the rate of $2 per acre for fee land and at the rate of $500 per section on state leased land. Also in addition thereto the sum of $500 for well on Sec. 33.

"Balance of payment to be made as soon as Estate of Earnest Shreeve is closed. Payment to be made simultaneously with execution and delivery of instruments of conveyance.

"Possession to be delivered to purchaser not later than May 1, 1944."

It is to be noted that the contract was not signed by the wife of Heap nor by Greer and his wife. The $200 down payment was made in currency. On February 7, 1944, Mrs. Shreeve addressed a letter to Mr. Heap and Mr. Greer, enclosing her check in the sum of $200 made payable to Greer. In her letter of transmittal, she advised them that she had decided not to sell; that she had accepted their offer to purchase on the impulse of the moment; and that she was sorry she had done so. She then said, "So the deal is off and this is final. Do not offer me more; the price was satisfactory. I am returning your forfeit money and hope this does not inconvenience you too much." On February 9th, appellees, by letter, returned the $200 check. They advised appellant that they did not consent to the cancellation of the contract and demanded sufficient instruments of conveyance. They also advised appellant that they would deliver the balance of the purchase money in currency, certified check, or cashier's check. Prior to this formal written tender and on the same day, appellees orally demanded conveyance and tendered a check for the balance due on the contract. This check was not refused on the ground that it was not legal tender. Appellees secured a cashier's check made payable to Heap, which he endorsed. This check has at all times been on deposit with the clerk of the court.

The complaint was filed on February 16, at which time a notice of lis pendens was recorded in the office of the county recorder. On the 3d day of March, 1944, a deed from Ethel Shreeve to Berry Jolley and Ferris Jolley was recorded in the recorder's office affecting some of the lands theretofore contracted to be conveyed to appellees. On November 27, 1944, an agreement for sale of real estate between Ethel Shreeve and the Jolleys was recorded affecting all of the lands in question. The complaint alleged that if the defendant refused to convey according to the terms of the contract the plaintiffs would be damaged in the sum of $500. In addition to demanding specific performance, they also

demanded, in the event the contract could not be specifically performed, damages in the sum of $500. One of the plaintiffs testified that land was being sold in the same neighborhood for less than he had contracted to pay appellant, and that like land had been recently sold in the neighborhood for the price that he had contracted to pay.

Appellant's chief assignment of error is predicated upon the proposition that the evidence discloses that the alleged contract was not specifically enforceable. In this behalf she says that the evidence discloses

a. a lack of mutuality,

b. that the plaintiffs had an adequate remedy at law,

c. that the appellant signed the alleged contract under mistake of fact and law,

d. that appellees Melvin Greer and Eleanor Greer, husband and wife, and Anona C. Heap, wife of appellee Byron Heap, have no enforceable interest in or to the alleged contract,

e. that legal tender of payment was never made to appellant.

 Specific performance is an equitable remedy and is governed by equitable principles. Strahan v. Haynes, 33 Ariz. 128, 139, 262 P. 995. Succinctly stated the remedy is available when there exists:

1. A valid binding contract,

2. Definite and certain terms,

3. Mutuality of obligation and remedy,

4. Freedom from fraud and overreaching,

5. Lack of remedy at law.

See 49 Am.Jur., Spec. Perf., sec. 9. The defendant offered no direct evidence of any unfairness, fraud, or overreaching on the part of the purchasers; in fact, no evidence was offered that even hinted in this direction.

 Appellant argues that since Mr. Heap was the only signer of the contract, Mrs. Shreeve had no enforceable remedy against Mrs. Heap or Mr. Greer and wife. She calls our attention to the statute of frauds, Section 58-101, A.C.A.1939, and particularly subsection 6 thereof, which reads as follows: "6. Upon an agreement for the leasing for a longer period than one (1) year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent is in writing, subscribed by the party sought to be charged;"

We cannot see the applicability of this section to the facts here under consideration. The party here sought to be charged was the seller. She is the person who signed the memorandum. A contract in the form of a receipt is binding and will take the transaction out of the statute of frauds, and will support specific performance. Finn v. Goldstein, 201 Cal. 605, 258 P. 85. The general requisites of a mem-

orandum are set forth in the Restatement of the Law, Contracts, section 207, as follows:

"A memorandum, in order to make enforceable a contract within the Statute, may be any document or writing, formal or informal, signed by the party to be charged or by his agent actually or apparently authorized thereunto, which states with reasonable certainty,

"(a) each party to the contract either by his own name, or by such a description as will serve to identify him, or by the name or description of his agent, and

"(b) the land, goods or other subject-matter to which the contract relates, and

"(c) the terms and conditions of all the promises constituting the contract and by whom and to whom the promises are made."

The contract upon which this action is brought fills all of these requirements. It contained the names of the parties, the description of the land, the purchase price, the time of payment, and the promise to execute and deliver instruments of conveyance.

[6-10] Appellant insists that there was a lack of mutuality both as to obligation and remedy for the reason that Byron Heap, only, signed the agreement. This contention is met by our holding in Steward v. Sirrine, 34 Ariz. 49, 58, 267 P. 598, 601, wherein we said: "We think it is the well-settled rule of law that where one person agrees with another, on a sufficient consideration, to do a thing for the benefit of a third person, the third person may enforce the agreement, and it is not necessary that any consideration move from the latter. It is enough if there is a sufficient consideration between the parties who made the agreement. * * *" Mr. Greer testified that he authorized Byron Heap to act for him in securing the contract. The memorandum acknowledged receipt of the down payment from both Greer and Heap and indicated that they were the purchasers. Mrs. Shreeve addressed her letter refusing to go through with the deal to both Greer and Heap. In attempting to return the down payment, she made her check payable to Greer alone. She addressed a second letter to Greer and Heap, before the complaint was filed, for the second time returning the check, advising them to negotiate it "because I do not intend to convey any property to you." Heap, as head of his community, was lawfully entitled to act for and on behalf of it and bind it. Section 63-303, A.C.A.1939; La Tourette v. La Tourette, 15 Ariz. 200, 137 P. 426, Ann.Cas.1915B, 70; Bristol v. Moser, 55 Ariz. 185, 99 P.2d 706; Vol. I, sections 113-116, Principles of Community Property (de Funiak). Any contract he made looking toward the purchase of the real estate was presumably a contract made for the community and its benefit. The wives of Heap and Greer were proper party plaintiffs. By the Rules Civ.Proc. Rule

17(a), being Section 21-501, A.C.A.1939, "Every action shall be prosecuted in the name of the real party in interest; * * *" and the wife is as much a "real party in interest" as the husband in the community property. Garver v. Thoman, 15 Ariz. 38, 135 P. 724. To the certain knowledge of appellant, Heap was acting for the benefit of Greer. By the recital contained in the receipt, the consideration passed from both Heap and Greer. There is no merit in the contention that there was a lack of mutuality as to obligation and remedy.

Mrs. Shreeve, as the surviving spouse, was legally entitled to dispose of her interest in community real estate and enter into a binding contract for its sale. La Tourette v. La Tourette, supra; Molina v. Ramirez, 15 Ariz. 249, 138 P. 17; Pauley v. Hadlock, 21 Ariz. 340, 188 P. 263; Steward v. Sirrine, supra. Upon the death of her husband (no children), she inherited his half-interest and the right to dispose of it. Section 39-109, A.C.A.1939; La Tourette v. La Tourette, supra.

Appellant's contention that no legal tender of payment was offered and that by reason thereof she was relieved of the obligation to convey is without merit. By the terms of the contract, payment was to be made simultaneously with the execution and delivery of instruments of conveyance. An actual tender was not necessary under this fact situation, where the seller had unequivocally notified the purchaser that she had changed her mind, would not go through with the sale, and had advised the purchasers of the futility of making any tender of the purchase price. The applicable rule is set forth in Pomeroy's Equity Jurisprudence, Vol. 4, 5th Ed., section 1407a, page 1051. "In general, the rules of equity concerning the necessity of an actual tender are not so stringent as those of the law. The following special rules seem to be settled: 1. An actual tender by the plaintiff is unnecessary when, from the acts of the defendant or from the situation of the property it would be wholly nugatory. Thus if defendant has openly refused to perform, the plaintiff need not make a tender or demand; it is enough that he is ready and willing, and offers to perform in his pleading; * * *".

We will now consider appellant's assignment that specific performance should have been denied for the reason that plaintiffs had an adequate remedy at law. The remedy of specific performance is governed by the same general rules which control the administration of other equitable remedies. Pomeroy's Equity Jurisprudence, Vol. 4, 5th Ed., section 1404. When a party seeking specific performance of a contract establishes the existence of a valid, binding contract which is definite and certain in its terms, contains the requisite of mutuality of obligation, and is one which is free from unfairness, fraud or over-reaching, and enforceable without injustice upon the party against whom such enforcement

is sought, the court will, when the remedy of law for the breach of such contract is inadequate and enforcement of specific performance will not be inequitable, oppressive or unconscionable, or result in undue hardship, grant a decree of specific performance as a matter of course or right. Pauley v. Hadlock, supra; 49 Am.Jur., Spec.Perf., sec. 9; Anno. 65 A.L.R. 28. When a satisfactory case for specific performance is made out, the relief is not granted as a matter of favor, but is granted as a matter of right. Anno. 128 Am.St. Rep. 388; Schmidt v. Barr, 333 Ill. 494, 165 N.E. 131; 65 A.L.R. 1. The appellant wholly failed to show that there was any unfairness about her contract. She did not show that any injustice would occur if specific performance was decreed. There was nothing inequitable, oppressive, or unconscionable about the contract. No undue hardship would result from its enforcement. It is no defense to an action for specific performance to say that other lands are available which in the opinion of the seller are just as good as or preferable to the land that he has contracted to sell. It was sufficient that the seller had contracted to sell and convey it. The following statement in Strahan v. Haynes, supra, is applicable here: " * * * 'Equity regards and treats as done what in good conscience ought to be done.' Applying this principle to the doctrine of specific performance, by the terms of a contract for sale the land ought to be conveyed to the vendee, and the purchase money ought to be transferred to the vendor. Equity regards it, therefore, as done; the vendee as having acquired the property in the land, and the vendor as having acquired the property in the price. The vendee is looked upon and treated as the owner of the land, and, although the vendor remains owner of the legal estate, he holds it as a naked trustee for the vendee, to whom all the beneficial interest has passed." [33 Ariz. 128, 262 P. 999.]

The plaintiffs are not to be denied their remedy of specific performance merely because they prayed for damages in the event that the defendant-seller was unable to perform. The seller was under no disability by virtue of her conveyances to third parties after the filing of the suit and the recording of the notice of lis pendens. Section 21-452, A.C.A.1939. A pendente lite purchaser stands in the same position as his vendor and takes subject to any judgment or decree that may be rendered in the pending litigation. 34 Am.Jur., Lis Pendens, section 2.

For the foregoing reasons, the judgment is affirmed.

STANFORD, C. J., and MORGAN, J., concurring.