Argued June 15, affirmed July 6, 1960

# COLUMBIA BRICK WORKS *v.*
# FREEMAN ET UX

353 P. 2d 620

*Clifford E. Nelson*, Portland, argued the cause for appellants. With him on the brief were Phelps, Nelson & Shepherd.

*Roscoe C. Nelson,* Portland, argued the cause and submitted a brief for respondent.

Before McAllister, Chief Justice, and Sloan, O'Connell, Millard and Holman, Justices.

O'CONNELL, J.

This is an action to recover the value of building materials furnished by the plaintiff to William D. Kayton, allegedly upon the promise of the defendant, Joseph J. Freeman, acting on behalf of himself and his wife Shirley Freeman, to pay for such materials.

The case was tried without a jury. A judgment was entered against both defendants. The trial court found that the defendants unqualifiedly agreed to pay for the materials delivered to Kayton. The sole question before us is whether there was sufficient evidence to support the trial court's conclusion. We are of the opinion that the evidence is sufficient to support the judgment.

The defendants rely upon ORS 41.580, which provides in effect that "an agreement to answer for the debt, default or miscarriage of another" is void unless it is evidenced by a writing.

The testimony of one of the plaintiff's agents, if believed, would establish the fact that defendant, Joseph Freeman, orally promised to pay for the materials delivered to Kayton, and that the promise was made not as a guarantor but as a principal obligor, the plaintiff relying exclusively upon defendant's credit. On the basis of defendant's promise the plaintiff made further deliveries of materials used in the improvement of the property in which defendants had an interest. This was a direct benefit to the defendants. Such an agreement is not within the statute of frauds.

*Mackey v. Smith et al.*, 21 Or 598, 28 P 974 (1892); *Harrison v. Birrell*, 58 Or 410, 115 P 141 (1911). See also, *Eilertsen v. Weber*, 198 Or 1, 255 P2d 150 (1953); *Bryant v. Panter*, 91 Or 686, 178 P 989 (1919).

■ Error is assigned for the trial court's failure to make certain findings of fact requested by the defendants. The trial judge made findings upon all of the material issues in the case. The requested findings would have added only a conclusion of law and a detailed recitation of evidence already covered by the court's statement of the ultimate facts. *Silver Falls Co. v. Eastern & Western Lbr. Co.*, 149 Or 126, 40 P2d 703 (1935); *Fitzpatrick v. Sletten*, 117 Or 173, 242 P 1114 (1926); *Maeder Steel Products Co. v. Zanello*, 109 Or 562, 220 P 155 (1923); *Oregon Home Builders v. Montgomery Inv. Co.*, 94 Or 349, 184 P 487 (1919).

The judgment is affirmed.