418 P.2d 367

**T. D. DENNIS BUILDER, INC., an Arizona Corporation, Appellant,**

**v.**

**Maurice V. GOFF and Marie J. Goff, his wife, Appellees.**

**No. 7838.**

Supreme Court of Arizona, In Division.

Sept. 28, 1966.

Christy, Kleinman, Peterson, Hoyt & Fuller, Phoenix, for appellant.

Hughes & Marron, Phoenix, for appellees.

LOCKWOOD, Justice:

Appellees, henceforth called plaintiffs, brought this action alleging that they and the appellant, henceforth referred to as defendant had entered into a contract and that the defendant had breached it, thus subjecting itself to a forfeiture of its earnest money. In the alternative, plaintiff alleged that there never was a meeting of the minds between the parties, that no contract existed, and thus the parties should be restored to their original positions. The defendant answered denying all the allegations, and counterclaimed, alleging that the plaintiff had breached the contract and was thus liable in damages.

The trial court, sitting without a jury, made the following findings of fact: 1) That the parties agreed to make a binding contract in the future by means of a trust agreement; 2) That the trust agreement was lacking in material and essential terms; 3) That the defendant proposed modifications to the plaintiffs, which modifications were not accepted by them. On the basis of these facts the court concluded that as a matter of law: 1) The parties never reached any legal binding agreement ex-

cept to agree to make a binding agreement in the future; 2) The trust agreement proposed was lacking in material and essential terms; 3) The modifications proposed by the defendant to the plaintiffs were material; 4) The said material modifications constituted a counteroffer; 5) There was never a meeting of the minds between the parties so as to form an enforcible contract. The defendant objects to these findings on the grounds that they have no basis in evidence or law.

The essential facts of the case are as follows: There is an unsigned land purchase contract dated January 25, 1960, in which the plaintiff is named as seller and the defendant as buyer. On January 27, 1960, the parties entered into an escrow agreement naming the Arizona Title Guarantee & Trust Company as escrow agent. In the escrow instructions and the appended supplemental escrow instructions the terms of the unsigned land purchase contract are fully set forth. The first paragraph of the supplemental escrow instructions is as follows:

> "CONTRARY to the provisions of the printed escrow instructions attached hereto, the title to the within property will be conveyed by the Seller to Arizona Title Guarantee & Trust Company, as Trustee, and a Trust Agreement entered into wherein the Seller herein will be named as Beneficiary and the Buyer will be named as Trustor and the Arizona Title Guarantee & Trust Company will be named as Trustee, for the purposes of consummating a sale and for the purpose of permitting Trustor at his option to subdivide said property; PROVIDED, HOWEVER, that in so doing, said subdivision shall comply with all zoning and planning rules and regulations of the city, county and state which may affect said subdivision prior to recordation of the plat thereof."

The supplemental instructions set out the terms of the trust agreement to be executed in the future "for the purposes of consummating a sale and for the purpose of permitting trustor at his option to subdivide said property." Although several proposed trust agreements were proffered, the parties never executed a trust agreement. The question presented is whether, in light of the facts, the trial court was correct in concluding that no contract existed between the parties.

■ A.R.S. § 44–101 provides that no action shall be brought in any court on a contract for the sale of realty unless the agreement, or some memorandum thereof, is reduced to writing and signed by the party to be charged, or by someone lawfully authorized to sign for him. We have held that to constitute a sufficient memorandum of an oral agreement the writing must contain: an identification of the parties, a description of the subject matter of the contract, the purchase price and the time and conditions of payment. Shreeve v. Greer, 65 Ariz. 35, 173 P.2d 641 (1946). We have implied that an escrow agreement embodying these terms might be sufficient to remove an oral agreement for the purchase of land out of the Statute of Frauds. Young v. Bishop, 88 Ariz. 140, 353 P.2d 1017 (1960).

■ In the present case, the terms of the agreement, as set forth in the escrow and supplemental escrow instructions, are clear and unambiguous. The trial court held that there was no contract between the parties, but that they had merely agreed to agree in the future. However, we are not bound by these findings since an interpretation of instruments is a question of law to be determined by this court independent of the trial court's findings. LeBaron v. Crismon, 100 Ariz. 206, 412 P.2d 705 (1966).

■ In Young v. Bishop, supra, we held that where an escrow agreement stated: "Note: The Escrow is subject to and conditioned upon Supplemental Trust Escrow Instructions which are to be submitted to Escrow Agent, which supplemental instructions will be made a part of this escrow.", it was improper to rule as a matter of law that the underlying land pur-

chase contract was conditioned upon the execution of the supplemental trust escrow instructions. In the present case, the escrow agreement between the parties names the plaintiff as "seller" and the defendant as "buyer", describes the property to be sold, states the purchase price, the terms of payment and interest, provides for proration of taxes, paving liens and water assessments to February 1, 1960, states that the title shall be evidenced by "Warranty Deed and Trust Agreement", and is signed by both parties. Appended to the escrow agreement was an instrument signed by both parties entitled "Supplemental Escrow Instructions". This instrument provided that the terms of the sales contract embodied in the escrow instructions, would be carried out through the means of a trust agreement to be entered into in the future. Seventeen terms to be incorporated into the trust agreement were enumerated in the supplemental escrow instructions. The avowed purpose of this trust agreement was to consummate a sale. We construe the escrow instructions and the supplemental escrow instructions as a written memorandum of the oral agreement existing between the parties. All the essential terms of a contract of sale were agreed upon by the parties when they signed the escrow and supplemental escrow instructions. In Shreeve v. Greer, supra, in which we held that a contract in the form of a receipt is a sufficient memorandum of the oral sales agreement to take it out of the Statute of Frauds if it contained all the essential elements of the contract, we stated in 65 Ariz. at p. 40 and in 173 P.2d at p. 644:

> "The contract upon which this action is brought fills all of these requirements. It contained the names of the parties, the description of the land, the purchase price, the time of payment, and the promise to execute and deliver instruments of conveyance."

All of the above requirements are met by the escrow and supplemental escrow instructions in the present case.

 We approve of the principle that an agreement to make an agreement is not an enforcible contract when it does not set forth all the essential elements of the future contract. Peer v. Hughes, 25 Ariz. 105, 213 P. 691 (1923). However in the case at bar, nothing essential is left for future negotiation. The execution of the trust agreement in the future, containing the terms found in the supplemental escrow instructions, was merely a convenient means of carrying out the existing contract between the parties. If the parties wished to make their contract conditional upon the execution of the trust agreement, then it was incumbent upon them so to state. This court is loath to imply conditions into contracts which either make or break them. Young v. Bishop, supra. We hold that a contract does exist as a matter of law.

Reversed and remanded for proceedings not inconsistent with this opinion.

STRUCKMEYER, C. J., and UDALL, J., concur.