429 P.2d 501

John A. METHEANY and Ellen Ruth Metheany, Appellants,

v.

Ruth E. WAITE, dba Waitwell Retirement Home, Appellee.

No. 1 CA–CIV 475.

Court of Appeals of Arizona.

June 22, 1967.

John A. Metheany, Phoenix, for appellants.

Amelia D. Lewis, Sun City, for appellee.

KRUCKER, Judge.

Appellee, Ruth E. Waite, as plaintiff below, obtained a judgment on January 4, 1966, against the appellants, defendants below, for $500.00 and interest, on an indebtedness arising for care of Naomi Metheany, the mother of appellant John A. Metheany, at the nursing home of appellee, who was duly licensed to operate such an establishment. The case was tried to the court without a jury. There were findings of fact and conclusions of law by the court.

The mother of the appellant John A. Metheany entered the appellee's rest home on September 22, 1959, and left on July 22, 1963. The appellants paid each month except the last two months, leaving a balance of $500.00 due.

From the judgment, appellants appeal.

Naomi Metheany was brought to the nursing home by appellant John A. Metheany and her doctor. The testimony reveals that she was ill and in a confused mental state, and that all arrangements were made by Mr. Metheany. The lower court found, among other things, that the appellant John A. Metheany engaged the services of appellee to care for his mother, starting September 22, 1959, and paid for such services with his personal business checks except for the last two months, leaving a

total due of $500.00; that the affirmative defense of the statute of frauds was invalid; and that the appellee was entitled to judgment.

■■ Appellants claim three assignments of error. First, a failure to grant their motion for security costs, claiming that the provisions of Rule 67(d), Arizona Rules of Civil Procedure, 16 A.R.S., made the granting of the motion for security for costs mandatory. Since the judgment was in favor of the appellee, there is no prejudice in the denying of the motion for security for costs by the trial court, as there were no costs assessed against the appellee. A motion for security for costs is not judisdictional. Flynn v. Johnson, 3 Ariz.App. 369, 414 P.2d 757 (1966). There being no prejudice to the appellants by the denial of the motion for security for costs, we hold that the denial by the trial court was not reversible error. Article 6, § 27 of the Arizona Constitution, 1 A.R.S. (as amended 1960), provides in part:

"No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."

■ Appellants' second assignment of error is that the court erred in refusing to grant appellants' motion to dismiss appellee's complaint or, in the alternative, appellants' motion for judgment at the close of appellee's case for the reason that the judgment was not justified by the evidence and contrary to law. There is no merit whatsoever to this contention. The evidence amply supports the trial court's finding; as has been stated innumerable times, the court, in considering the evidence, must examine it in the light most favorable to sustaining the judgment. Chadwick v. Winn, 101 Ariz. 533, 421 P.2d 890 (1966).

■ The appellants' third and principal assignment of error deals with the statute of frauds (A.R.S. § 44–101, subsec. 2), because the appellee's cause of action is based upon an agreement to answer for the debt of another and is not in writing, citing Graham v. Vegetable Oil Products Company, 1 Ariz.App. 237, 401 P.2d 242 (1965). We hold that this case is not in point. Here we have an oral contract made directly between the parties; appellants are the contracting parties and the sole obligors. The services were rendered at appellants' request. Where the contract is an original one by appellants, it is in no sense an undertaking to answer for the debt of a third person. See Peterson v. Rowe, 63 N.M. 135, 314 P.2d 892, 64 A.L.R.2d 1067 (1957); Annotation, 64 A.L.R.2d 1071, at page 1079; 2 Corbin on Contracts, § 354, p. 236.

■ We hold that the statute of frauds does not apply to the instant case. For the reasons stated, the judgment of the trial court is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

NOTE: This cause was decided by the Judges of Division Two, as authorized by A.R.S. § 12–120 subsec. E.