451 P.2d 338

**ROMNEY PRODUCE COMPANY, an Arizona corporation, Appellant,**

**v.**

**William EDWARDS, Appellee.**

**No. I CA–CIV 646.**

Court of Appeals of Arizona.

March 5, 1969.

Tanner, Jarvis & Owens, by Wallace O. Tanner, Phoenix, for appellant.

McKesson, Renaud, Cook & Miller, by Joseph B. Miller, Phoenix, for appellee.

MOLLOY, Judge.

In this case, we are called upon to review a determination by the trial court that a counterclaim was barred by the provision in the statute of frauds respecting a promise to answer for the debt of another.

The appellee, William Edwards, originally brought this action against the appellant, Romney Produce Company, to recover for certain produce, principally potatoes, sold and delivered by Edwards to Romney Produce. Romney Produce filed an answer admitting its indebtedness to Edwards for the potatoes, and that aspect of the case is not in dispute. Romney Produce counterclaimed, asserting that William Edwards was indebted to it for produce allegedly ordered by him and sold on his credit and account, but delivered to William Edwards' son, Richard Edwards, who was in the produce business in Missoula, Montana. William Edwards, a resident of the Phoenix area, denied that he had ordered or purchased the produce shipped to Missoula, and alleged by way of affirmative defense that the counterclaim was barred by the provisions of A.R.S. § 44–101, subsec. 2, which pertains to actions "[t]o charge a person upon a promise to answer for the debt, default or miscarriage of another."

The counterclaim was tried to the court sitting without a jury. At the trial, sharply conflicting evidence was adduced as to who ordered the produce and the understanding of the parties as to who was the principal obligor, or, in other words, to whom credit was primarily extended. Appellant also made an attempt to show that William Edwards and Richard Edwards were associated in business, either as partners or in a principal-agent relationship. After the trial, and submission of briefs on the subject of the application of the statute of frauds, the trial judge entered judgment in favor of Edwards and against Romney on its counterclaim. The basis of the judgment was the following finding made by the trial judge:

"The Court finds that credit was extended to Richard Edwards on the assurance from William Edwards that he would stand behind the account. The Court, however, finds no evidence that Richard Edwards and William Edwards were partners or in any way engaged in the produce business together, nor in any way finds that Richard Edwards was the agent of William Edwards."

Appellant, throughout this litigation, has contended that the portion of the statute of frauds cited above is inoperative in this case because of the rule which excepts from its operation a direct and primary promise of the party sought to be charged. This court has held that the statute of frauds has no application in such circumstances. Metheany v. Waite, 6 Ariz.App. 9, 10, 429 P.2d 501, 502 (1967). Appellant quotes from the black-letter rule set forth in 37 C.J.S. Statute of Frauds § 20, at p. 526:

"Where money is advanced, goods sold, or services rendered, etc., to one person, on the oral promise of another to be answerable therefor, the promise is not within the statute of frauds *if the promisee acts solely on the credit of the promisor.*" (Emphasis added)

 It is obvious that appellant has called into question the trial court's essentially factual determination that " * * * credit was extended to Richard Edwards * * *" by Romney Produce. That the

question of ascertaining the identity of the party to whom credit is extended is essentially one of fact is indicated by our Supreme Court's decision in McClave v. Electric Supply, Inc., 93 Ariz. 135, 141–142, 379 P.2d 123, 128 (1963), and by several of the cases relied upon by appellant, including Stowell Lumber Co. v. Wyman, 19 Wash.2d 487, 143 P.2d 457, 458 (1943), and Madera Sugar Pine Co. v. Weakley, 127 Cal.App. 733, 16 P.2d 321, 323 (1932). Rule 52(a) of our Rules of Civil Procedure, 16 A.R.S. provides that the trial judge's findings of fact " * * * shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses." We cannot substitute our opinion of the evidence for that of the trial court, and we must view the evidence in the strongest manner in favor of the appellee. Rossi v. Stewart, 90 Ariz. 207, 209, 367 P.2d 242, 244 (1961).

█ We find substantial evidence in this record to support the court's findings. Richard Edwards testified that he placed the original order with Romney by telephone from Missoula. The testimony of both father and son squarely contradicted the testimony of Romney's manager concerning an understanding that William Edwards was to be solely responsible for paying for this produce. Richard Edwards testified that he received statements from Romney, that he made all payments that were made on this account, totaling in excess of $14,000, that Romney employees contacted him repeatedly with respect to the amount still owing and that one Romney employee threatened to "go against" his "federal [presumably carrier] license" unless payment was made. William Edwards testified that he received no statements from Romney.

There was only one ledger sheet maintained by Romney for all sales to Missoula. At first, the account was carried in the name of William Edwards, but sometime during the time these sales were being made, the account was changed to the name of "Dick Edwards" under a Missoula address. Invoices were first made out in the name of "Bill Edwards," but after the fourth shipment, the invoices indicated the sales had been made to "Dick Edwards." All shipments made prior to this time were fully paid by the various payments made by Richard Edwards. The manager of Romney testified that prior to the last shipment to Missoula, William told him that he would no longer be responsible for this account. Nevertheless, this last shipment to Missoula was made on April 25, 1964, and the sales price of $2,704.60 was added to this account. Romney's manager testified that no attempt was ever made to collect the price of this last shipment from William Edwards, but the amount claimed in this suit, $8,300.86, is the balance of this particular account after this last sale is added in to the balance.[1]

█ While assertion of liability against the furnishee does not of itself preclude assertion of liability of the original promisor, Madera Sugar Pine Co. v. Weakley, *supra*, at 16 P.2d 323, it is at least a circumstance to be considered in determining whether credit was extended exclusively to William Edwards. *Compare* McClave v. Electric Supply, Inc., *supra*, where our Supreme Court held that the subsequent conduct of the parties indicated that there had been no understanding that the oral promisor was to be charged as an original promisor. 93 Ariz. at 142, 379 P.2d at 128.

Appellant appears to rely most heavily upon Stowell Lumber Co. v. Wyman, 19 Wash.2d 487, 143 P.2d 457 (1943). The facts and procedural posture of *Stowell* are critically dissimilar from the instant case. In *Stowell*, there was a partial payment by the oral promisor, Wyman, and explicit testimony by four witnesses concerning Wyman's express undertaking,

1. After this balance was struck, a bad check given by Richard Edwards, in the sum of $2,143.68, was added to the balance to make a final balance owing of $10,444.54.

while Wyman was the only witness in his own behalf. The *Stowell* case was tried to a court sitting without a jury, and the appellate court *affirmed* the findings and conclusion of the trial judge that Wyman's undertaking was original rather than collateral. The case of Columbia Brick Works v. Freeman, 223 Or. 109, 353 P.2d 620 (1960), also relied upon by appellant, was of similar posture. In both of these cases, the creditor had the benefit of a favorable fact-finding in the trial court; this is not so here.

Appellant does not contend, and in fact expressly declined to contend, that the promise of William Edwards was outside of the statute of frauds by reason of its "leading object" or "primary purpose" being to benefit the promisor. *See* Yarbro v. Neil B. McGinnis Equipment Co., 101 Ariz. 378, 420 P.2d 163 (1966), and Steward v. Sir-rine, 34 Ariz. 49, 267 P. 598 (1928). The burden of proving this exception to the statute of frauds—exclusive reliance on the credit of the oral promisor—is a difficult one and we are not prepared to say that the plaintiff here did so well in proving its case that the trial court was mandated to reject all conflicting evidence.

Judgment affirmed.

HATHAWAY, J., and THOMAS TANG, Superior Court Judge, concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

Note: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge THOMAS TANG was called to sit in his stead and participate in the determination of this decision.