452 P.2d 722

CITY OF PHOENIX, a municipal corporation, et al., Appellants,

v.

George O. BURKE et al., Appellees.

No. 1 CA–CIV 630.

Court of Appeals of Arizona.

April 3, 1969.

Rehearing Denied May 6, 1969.

Robert J. Backstein, City Atty., by Edward P. Reeder, Asst. City Atty., for appellants.

Pearson & Shoob, by Stuart J. Shoob, Phoenix, for appellees.

DONOFRIO, Chief Judge.

On October 28, 1965, a rezoning application was filed with the City of Phoenix Planning Department requesting that certain property be rezoned from R1–6 to to R–3. R1–6 means that under the Phoenix Zoning Ordinance the property can only be developed for single-family residences on lots of 6000 sq. ft. or larger. R–3 is

the zoning classification for development of multiple-family residences on lots with a minimum of 6000 sq. ft. and with no more than one dwelling unit and customary accessory buildings for each 3000 sq. ft. of lot area.

The application was heard by the Planning Commission on December 14, 1965, and the Planning Commission recommended that the application be denied. It was their reasoning that R1–6 zoning afforded a reasonable use of the land and the existing R–3 zoning in the area provided adequate multiple-family potential in the area. The City Council heard the application on January 18, 1966, and denied the requested zoning amendment.

On January 21, 1966, the applicant petitioned the City Council to reopen the application. The Council felt that it would be better if the applicant would file a new application for rezoning with the City Planning Commission. The city ordinance prohibits applications from being filed within a period of one year after a previous application has been heard and acted upon. It was the opinion of the Commission that there were no extenuating circumstances which would justify a waiver of the one-year waiting requirement.

The property owners then initiated this action for a Declaratory Judgment, seeking a determination that the existing RI–6 single-family residence zoning on their property was unreasonable, confiscatory, and violated their rights under the United States Constitution, the Arizona Constitution and the laws of Arizona. The trial court decided the issue against the City and granted judgment in favor of the property owners.

The question presented to this Court is: Was it proper for the trial court in effect to set aside the City Council's decision that certain property should not be rezoned?

Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016 (1926), is the landmark case in zoning. In that case the Village of Euclid attempted to regulate the location of the business and residential districts. The entire village was divided into use districts and these districts stringently restricted the use to which buildings erected therein could be put. The Supreme Court of the United States, in discussing the constitutionality of such an ordinance, said that before such an ordinance could be declared unconstitutional the provision must be clearly arbitrary and unreasonable, and must have no substantial relation to the public health, safety, morals or general welfare.

The Arizona Supreme Court has followed this rule. In City of Tucson v. Arizona Mortuary, 34 Ariz. 495, 272 P. 923 (1928), the Euclid case was quoted from quite liberally, and the court pointed out what was to be the test in determining the validity of zoning ordinances in Arizona.

"It therefore appears that the highest authority in the land has held that ordinances dividing cities into districts on the basis of whether they are residential or business and limiting the use of real estate within these various districts to certain purposes are to be sustained in principle, it being necessary in order that they be declared unconstitutional that it affirmatively appear the restriction is clearly arbitrary and unreasonable, and has not any substantial relation to the public health, safety, morals or general welfare. With this principle before us as the guiding star, let us next consider the reasonableness of the particular ordinance in question." 34 Ariz. at pages 506, 507, 272 P. at page 927.

This test of validity places an affirmative burden on the complainants to prove the restrictions are clearly arbitrary and unreasonable. They must show that if the ordinance is enforced they will be precluded from using their property for any purpose to which it is reasonably adapted. The zoning ordinance will be presumed valid, and the plaintiffs must show that the restrictions as applied are unrea-

sonable and have no substantial relation to the public health, safety, morals or general welfare of the community. City of Phoenix v. Fehlner, 90 Ariz. 13, 363 P.2d 607 (1961); Mueller v. City of Phoenix, 102 Ariz. 575, 435 P.2d 472 (1967).

It is the appellees' contention that they have sustained their burden of proof. The trial court made findings of fact, and among other things, the findings of fact included:

"That on or about the 25th day of August, 1959 the City of Phoenix extended its zoning over the above described property and said property was zoned Residential R1–6 Single Family Residence.

"That prior to August 28, 1965 the above described real property could not reasonably be developed under its designated zoning classification Residential R1–6 Single Family Residence.

"That prior to August 28, 1965 the above described real property could reasonably be developed only under a designated zoning classification of R3 Multi-Family Residence, as set forth in Ordinance G–449 the zoning ordinance of the City of Phoenix and amendments thereto."

To what extent are we bound by these trial court findings of fact? There are, as we see it, three prevalent views as to what weight should be given to a trial court's findings of fact when it overrules a zoning commission and finds the restrictions unreasonable. The position espoused by the California courts is that the trial court's findings and conclusions as to the unreasonableness of the ordinance will not be binding if the court record shows the question is debatable. Hamer v. Town of Ross, 59 Cal.2d 776, 31 Cal.Rptr. 335, 382 P.2d 375 (1963); Johnston v. City of Claremont, 49 Cal.2d 826, 323 P.2d 71 (1958). This is the position accepted by the judges in Division Two of this Court in Rubi v. 49'er Country Club Estates, Inc., 7 Ariz. App. 408, 440 P.2d 44 (1968). Another view is that the trial court's findings will be conclusive and its judgment sustained

unless the findings are obviously wrong or against the preponderance of the evidence. Appeal of Dance Oil Service, Inc., 409 Pa. 392, 187 A.2d 166 (1963); Scott v. City of Springfield, 83 Ill.App.2d 31, 226 N.E.2d 57 (1967); Olsen v. City of Little Rock, 241 Ark. 155, 406 S.W.2d 706 (1966).

██ The third view is the position accepted by the Supreme Court of Washington. We think this is the best one, and so follow it. In the Washington case of Carlson v. City of Bellevue, 435 P.2d 957 (1968), the court clearly stated its position:

"In the second place, except for the view of the premises, the trial court's crucial findings and conclusions upon the issues presented to it rest upon the written record of the proceedings before the Bellevue Planning Commission and City Council. It did not have the advantage of seeing and listening to any witnesses. The appeal, therefore, from the trial court's judgment brings before us, in the same form and content, the identical documents and records presented to the trial court. Under these circumstances, we are not bound by disputed findings of the trial court to the same extent and in the same manner as where the trial court's findings rest upon the oral testimony of witnesses. (cases cited) We are entitled to make our own examination of the records thus presented and determine the merits of the contentions going to the issue of arbitrary, capricious, and unreasonable legislative action." 435 P. 2d at page 961

We think this is the position which will be accepted by the Arizona Supreme Court. In 1956 they promulgated certain rules of civil procedure. One of the rules which discusses findings by the court when there is no jury, states:

" * * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. * * *" Rule 52, Arizona Rules of Civil Procedure, 16 A.R.S.

The Supreme Court has also pointed out that findings of the trial court should not be disturbed unless there is no evidence upon which a reasonable man could draw the same conclusions as the trial court, but if the evidence is written rather than oral, the appellate court can make its own independent determination of the facts. Bass Investment Co. v. Banner Realty, Inc., 103 Ariz. 75, 436 P.2d 894 (1968); T. D. Dennis Builder, Inc. v. Goff, 101 Ariz. 211, 418 P.2d 367 (1966); LeBaron v. Crismon, 100 Ariz. 206, 412 P.2d 705 (1966). By accepting this position we do not intimate that we are bound by the trial court's conclusions of law on mixed questions of law and fact. Tovrea Land And Cattle Company v. Linsenmery, 100 Ariz. 107, 412 P.2d 47 (1966); In re Estate of Daley, 6 Ariz.App. 443, 433 P.2d 296 (1967).

In the case before this Court there are not only many maps, exhibits and minutes of the Zoning Commission and City Council in evidence, but there are also over one hundred pages of oral testimony. The finder of fact—in this case the trial court—was in the best position to observe the demeanor of the witnesses and evaluate their veracity. Since there was a substantial amount of oral testimony to be evaluated, we give great weight to the trial court's findings of fact and if there is sufficient evidence to sustain the trial court's findings of unreasonableness of the zoning restriction, then we will abide by the trial court's findings.

The following facts can reasonably be concluded from all of the evidence before the trial court:

1. The property in question fronts on a major collector street.

2. The property in question is approximately fifty feet from a large irrigation canal.

3. The city water filtration plant is near the property in question.

4. The adjacent property to the east has been recently rezoned R–3 and has been recently developed as such.

5. Many nearby parcels are actually used for multiple-family and commercial uses.

6. A rest home of 111 units is in close proximity to the property in question.

7. There is a proposed extension by the city of two major collector streets nearby, including the one upon which this property fronts, which would cause more traffic on these streets.

8. Projection of a major freeway shows that the freeway will curve over the northwest corner of the property.

9. If the property was zoned as R–3, it would be valued at $95,000, but at its present zoning it is worth only $35,000.

10. Under the present zoning it would be practically impossible to get mortgage financing to develop the property.

11. Under an R–3 zoning the owners would be able to get mortgage financing for development.

12. There is no opposition to the requested zoning by adjacent property owners.

13. The height limits would be the same under either of the zoning restrictions.

14. R–3 does not necessarily destroy single-family use in the area.

We might have come to a different conclusion as to the reasonableness of the ordinance if any one of us where sitting as a trial judge. As appellate court judges we have a different purpose. If there is substantial evidence from which the trier of fact could have found for the successful party, then we, as a reviewing court, must sustain the judgment. Grant v. White, 103 Ariz. 257, 439 P.2d 828 (1968); State ex rel. Herman v. Southern Pacific Co., 8 Ariz.App. 238, 445 P.2d 186 (1968) Pet. for Review den. Dec. 3, 1968; Romney Produce Co. v. Edwards, 9 Ariz.App. 258, 451 P.2d 338 (Filed March 5, 1969).

While none of the above facts would alone be sufficient to cause the present zoning to be considered unreasonable, an accumulation of all these facts will permit

this Court to sustain a finding of unreasonableness by the trier of fact. Since we are bound by the trial court's determination of fact, the only conclusion of law to which we can come is that the present zoning classification of R1–6 on the real property in question is a violation of plaintiffs' rights as prescribed by the Fourteenth Amendment of the United States Constitution, Art. 2, Sec. 4 of the Arizona Constitution, A.R.S., and Title 9, Chapter 4, Art. 6 of the Arizona Revised Statutes. We therefore affirm the judgment of the trial court.

CAMERON, J., concurs.

STEVENS, Judge (dissenting).

In my opinion the rules set forth in *Rubi*, cited in the majority opinion with disfavor, are sound. It is noted that the Arizona Supreme Court was asked to review *Rubi* and declined to do so. In my opinion the record does not warrant a judicial overthrow of the legislative act of the City of Phoenix.

While not controlling, it is of interest to note that the property owners purchased the property with knowledge of the zoning and with the hope that it could be changed with a resulting increase in value. I am impressed that both of the zoning classifications in question are for human habitation. Therefore the improvement of highways and the highly speculative location of a future freeway do not render the property unsuitable for residence purposes. Should a freeway be built, then the physical layout of the land might be the factor which would persuade the legislative body to change the zoning of the area in question.

In all zoning there must be a physical or geographic line separating two adjoining zoning classifications.

We are not informed as to the date of the establishment of the rest home. I would hazard the guess that it was established before the area was annexed by the City of Phoenix.

I am unable to find that degree of departure from proper legislative judgment which is necessary before the courts can substitute their judgment for the judgment of the legislative body.

I would reverse with instructions to dismiss the complaint.