703 P.2d 534

**COLONIAL VILLAS, INC., an Arizona corporation, Plaintiff/Appellant,**

v.

**TITLE INSURANCE COMPANY OF MINNESOTA, as Trustee Under Trust No. 10,445, Defendant/Appellee.**

**No. 2 CA–CIV 5184.**

Court of Appeals of Arizona, Division Two, Department A.

April 8, 1985.

Review Denied June 18, 1985.

Monroe & Kofron, P.C. by John E. Kofron, Tucson, for plaintiff/appellant.

Goldbaum, Goetz & Sipe by Richard H. Goetz, Tucson, for defendant/appellee.

## OPINION

FERNANDEZ, Judge.

Appellant filed a quiet title action seeking to enjoin a foreclosure sale on a deed of trust under which appellee is trustee, contending that its deed of trust is a prior lien. The trial court denied relief, thereby finding that appellee's deed of trust is superior to appellant's. We affirm.

The case was tried before the court primarily on stipulated facts. We have set out only those which are necessary to this decision. Appellant is a corporation whose principal stockholder and president is William Shiells. In November 1982 Shiells and his real estate agent, John Reece, began a series of negotiations with Frank Cruz for the purchase by Cruz of 14 condominium units owned by appellant. The initial agreement was for a trade of the units for a note in the amount of $388,000 secured by a first deed of trust on 640 acres in Cochise County with $46,075 to be paid on the note at closing. After Cruz was unable to secure the Cochise County property, the parties entered into an addendum in March 1983 whereby four of the units would be transferred free and clear, and ten would be encumbered by a first deed of trust for $272,000. In addition appellant would receive a $116,000 deed of trust on some Shannon Road property in Tucson and $37,-000 cash. Cruz told the real estate agent Reece at that time that he would have to finance both the down payment and needed repairs on the property.

After Cruz was unable to obtain institutional financing, the third and final agreement was entered into on April 20, 1983. Under it $46,075 was to be paid at closing and the deed of trust for $272,000 was to be secured by all 14 units and was to be a second lien. The fact that the deed of trust would have to be a second was pointed out by the escrow officer at closing, and the appropriate changes were initialed by Shiells. In addition, before the instruments were recorded, the escrow officer discovered the deed of trust secured by the Shannon Road property would have to be a third; that change was then made in the escrow instructions and deed of trust and initialed by Shiells.

Meanwhile Cruz had obtained a $172,500 loan from a private party for which he gave a first deed of trust on the subject property secured by all 14 units. The loan was payable in one year at 20% interest and had a loan origination fee of $22,500. Both transactions closed on the same day. Shiells had no knowledge of any of the terms of this loan at the time appellant's transaction with Cruz closed. Cruz paid appellant $46,078 at closing and spent in excess of $20,000 for repairs to the property. He defaulted on the note at the time the first quarterly interest payment was due, and appellee then filed notice of trustee's sale.

Appellant contends its deed of trust was a purchase money mortgage and entitled to special priority. Even if Shiells were aware of the transaction in which Cruz obtained financing for the down payment and repairs, appellant insists that its deed of trust is a prior lien. Appellant also urges that its claim is supported by the recording statutes. Finally, appellant asserts that if appellee's deed of trust is given priority, that priority should extend only to the amounts actually expended on the property.

Appellant has spent a great portion of its argument contending that its deed of trust is superior because it is a purchase money mortgage, being "[a] mortgage on land executed to secure the purchase money by a purchaser of the land contemporaneously with the acquisition of the legal title thereto, or afterward, but as a part of the same transaction...." 55 Am.Jur.2d Mortgages § 348, p. 408 (1971). Because its deed of trust is a purchase money mortgage, appellant then asserts it is entitled to priority over appellee's deed of trust. G. Osborne, Handbook on the Law of Mortgages § 213 (2d ed. 1970). There is, however, agreement between the parties that appellant's deed of trust is a purchase money mortgage, and the lengthy argument on the subject serves no purpose.

The issue instead is whether or not appellant agreed to subordinate its deed of trust or whether its conduct constituted a waiver of first priority, thus changing the normal order of priority of deeds of trust. "'The legal order of priority as between mortgages and other liens or claims may be fixed, reversed, or modified by an agreement of the parties or by a waiver or release.'" *Olds Bros. Lumber Co. v. Marley*, 72 Ariz. 392 at 397, 236 P.2d 464 at 467 (1951). Shiells initialed both the addendum and the deed of trust at the time of closing after the escrow officer informed him it would have to be a second in order for the transaction to close. He admitted in his deposition that at the time of closing he asked almost no questions about the transaction and did not inquire about the contemplated first deed of trust. It should be noted as well that the facts indicate Shiells' real estate agent Reece was informed that Cruz would have to finance both the down payment and the necessary repairs on the property. Generally, notice to an agent acting within the scope of his authority is considered to be notice to his principal. *General Factors, Inc. v. Beck*, 99 Ariz. 337, 409 P.2d 40 (1965).

There were no findings of fact and conclusions of law by the trial court. In that event, we view the evidence and the inferences to be drawn from that evidence in the light most favorable to appellees. *Jerger v. Rubin*, 106 Ariz. 114, 471 P.2d 726 (1970). Since we do not know whether the trial court denied relief because it found appellant agreed to subordinate its lien or because it waived its right to priority, we may sustain the court's ruling on any theory supported by the evidence. *Sparks v. Republic National Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127, cert. denied, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982). The facts support either theory, both of which result in a finding that appellant's deed of trust is a junior lien.

Appellant has cited a line of cases in which requests for specific performance have been denied of agreements for the sale of land in which the contracts also contained a subordination clause. Annot., 26 A.L.R.3d 855 (1969). Those cases, however, are not applicable here. Specific performance of an agreement to sell land is not the remedy sought here. The agreement to sell the property was fully executed on April 21, 1983. Thus, the very strict requirements for specific performance, *Shreeve v. Greer*, 65 Ariz. 35, 173 P.2d 641 (1946), do not apply here.

Appellant contends there is significance in the fact that the deeds of trust were originally recorded with appellant's deed of trust first and appellee's second. Several months later they were rerecorded in reverse order. Once again, however, appellant ignores the fact that it either agreed to subordinate its lien or that it waived its right to priority and the deed of trust clearly shows that position. The order of recording was thus irrelevant in establishing priority.

Appellant has also contended that appellee's deed of trust, even if accorded priority, should be given priority only as to the amounts actually expended on the property. There were no such restrictions on appellant's agreement to subordinate its deed of trust, and there is no authority for imposing such a restriction under those circumstances.

Appellant in essence seeks to have the court rewrite the agreement it entered into now that it has discovered the consequences that are likely to result from that agreement. The court has no authority to remake contracts to include terms not agreed upon by the parties. *Isaak v. Massachusetts Indemnity Life Ins. Co.*, 127 Ariz. 581, 623 P.2d 11 (1981).

Judgment affirmed.

BIRDSALL, P.J., and HOWARD, J., concur.